## DEGREE OF CARE REQUIRED OF A CARRIER TOWARD ITS PASSENGERS.

Court of Appeals for Hamilton County.

CINCINNATI TRACTION CO. v. WILLIAM BURKHARDT.

Decided, June 14, 1915.

*Negligence—Car Started Before Passenger Was Seated—Measure of Care Required of a Carrier—Proper Instruction to the Jury With Reference to the Care to be Exercised by a Passenger in a Crippled Condition.*

1. It is not negligence *per se* to start a street car before a passenger who has just stepped upon the car has had time to be seated.
2. The degree of care required of a carrier toward a passenger is not to be measured by the care which would be exercised under similar circumstances "by very careful and skillful employees," but it is the highest degree of care which ordinarily careful and skillful persons would use under like circumstances.
3. It would be error to charge that a passenger in a crippled condition was bound to exercise "greater care" than others, but the jury should be instructed that in determining whether he exercised ordinary care they should consider his crippled condition and any burden or impediment to his movements arising therefrom.

*Kinkead & Rogers*, for plaintiff in error.
*Cogan, Williams & Ragland* and *Thos. L. Michie*, contra.

JONES (E. H.), J.

This action was brought in the common pleas court by the defendant in error against the plaintiff in error for damages by reason of injuries received by him while boarding a car of the traction company.

The complaint in the petition was that the car was started with a sudden jerk, while plaintiff was in the act of boarding it and before he had reached a seat in the car, causing him to be thrown to the street and severely injured. The charge of negligence was denied by the traction company in its answer, which also contained an allegation of contributory negligence on the

part of plaintiff. The jury returned a verdict in favor of the plaintiff for $3,000, which the trial court reduced to $2,000, for which sum judgment was rendered in the court below.

A number of errors are assigned in the petition in error and urged by counsel in oral argument.

The first alleged error upon which we deem it necessary to comment in this opinion relates to a portion of the general charge of the court, as follows:

"If you find that the defendant was not negligent, you need go no further, but must bring in a verdict for the defendant. If you find that the defendant was negligent in suddenly starting the car without notice, before the plaintiff had the opportunity to be seated, and that such negligence was the direct cause of the injury to plaintiff, you will bring in a verdict for the plaintiff unless you find that the plaintiff was also negligent, and that his negligence operating concurrently with the defendant's negligence, if any, directly contributed as a cause of the accident."

It is claimed that the court erred in the use of the language "if you find that the defendant was negligent in suddenly starting the car without notice, before the plaintiff had an opportunity to be seated," etc. It is not negligence *per se* to start a street car before a passenger is seated therein. The objection made to this charge, which we think is well founded, is that it implies that the defendant company in this case was negligent if its employees started the car in question before plaintiff had reached a seat. No where in the general charge do we find any explanation of this language or any language which could be construed as a refutation of the implication to which it is susceptible. It may be, and it is quite probable, that the learned judge did not intend to convey to the jury an instruction to the effect that the starting of a car while a passenger was yet unseated is negligence. It was, however, charged in the petition as one of the grounds of negligence that the car was so started, and a fair interpretation of the language used by the trial court would lead the jury to believe that if they found that the car was started before Burkhardt had an opportunity to be seated that the company would be guilty of negli-

gence. This is not the law, and the question having been raised by the pleadings and the evidence it was incumbent upon the court to charge the jury clearly upon this matter, and its failure so to do was in our opinion prejudicial error.

The next alleged error considered is also based upon the language of the court in its general charge as found on page 111 of the bill of exceptions, as follows:

"The defendant is a common carrier of persons, but as such does not insure its passengers against all hazards incident to their transportation.

"It is required to exercise through its servants, such as the conductor and motorman, a very high degree of care, skill, diligence and foresight, such as is and should be exercised by very careful and skillful railroad employees under similar circumstances, to avoid injury to those whom it carries as passengers."

We are of the opinion that this incorrectly states the degree of care required of those in charge of the car even to a passenger, and that, too, to the prejudice of the defendant company. The degree of care required of a carrier towards a passenger is not to be measured by the care that would be exercised under similar circumstances by very careful and skillful employees. The correct rule, it seems to us, is that the carrier owes to the plaintiff the highest degree of care which ordinarily careful and skillful persons would use under similar circumstances. If the rule laid down by the trial judge were the correct one, then all carriers of passengers would be required as a matter of self-protection to employ only "very careful and skillful" men. The rule laid down by the trial court in this case could not be observed by any other kind of men, and the carrier would therefore be liable unless the servants or employees connected therewith were very careful and skillful men.

The next alleged error urged by counsel is based upon the refusal of the court to give special charge No. 2:

"If you find that the plaintiff's right hand was crippled by the loss of two fingers, and that when he boarded the car his left arm was incumbered by one or more bundles, I charge you that under such circumstances it was the duty of the plaint-

iff to exercise greater care for his safety than would have been demanded of him had his right hand not been crippled and had he been free from bundles or packages."

We think that the court was correct in refusing to give this charge. The words "greater care" as used in the charge requested are misleading and not permissible. The plaintiff was required to exercise ordinary care, and if a special instruction as to his duty was deemed necessary by counsel it should have been to the effect that in determining whether plaintiff exercised ordinary care the jury should consider his crippled condition and any burden or impediment to the free use of his arms or hands which may have been present in the case.

The other ground of error to which our attention has been especially called is that designated by counsel for plaintiff in error as "misconduct of the plaintiff in the trial below." Briefly stated this charge is based upon the claim of plaintiff in his petition and during the trial that prior to this accident he was an able-bodied man, never sick, and always able to work; and that after the verdict of the jury was returned it was first ascertained by counsel for the traction company that this same plaintiff had, several years before, been injured while in the employ of a printing company in this city, and had brought an action for damages against said printing company alleging in his petition in that case that he was by said injury so received by him, made sick, feeble and permanently disabled. We do not deem it necessary to enter at length upon a discussion of this point since from the view we take of the case it must be reversed on other grounds and remanded for a new trial. There seems to be no question of the relevancy of the evidence, and we deem it unnecessary to say anything further about it.

For the reasons given, the judgment will be reversed and the cause remanded to the court of common pleas for a new trial.

JONES (Oliver B.), J., and GORMAN, J., concur.