## GALLIVAN v. STICKLER.

[No. 23,288. Filed February 21, 1918.]

1. EVIDENCE.—*Best and Secondary.*—Since the law requires the best evidence unless a necessity is shown for the introduction of secondary evidence, it is error to permit the introduction of a copy of an original book of entry without a showing that the original cannot be produced. p. 202.

2. TRIAL.—*Instruction Cured by Withdrawal.*—An erroneous instruction is not cured by the giving of a contradictory instruction properly stating the law, as such error can be cured only by withdrawing the erroneous instruction and directing the jury not to consider it. p. 204.

3. TRIAL.—*Exclusion of Improper Evidence.*—When illegal evidence has been admitted by the court against objection, nothing except a direct and unequivocal charge can cure the error of its admission, it being the duty of the court to see that no mischief is done and that the illegal evidence be wholly withdrawn for every purpose. p. 204.

4. TRIAL.—*Exclusion of Improper Evidence.*—In an action on an oral contract employing the plaintiff to purchase hay, the admission in evidence, over the defendant's objection, of a copy of an original account or memorandum, with no showing of inability to produce the original, was not cured by a state-

ment of the court in ruling on the objection that such copy was not to be considered as evidence of the truth of the plaintiff's claim, but merely as constituting a detailed statement of such claim, the paper having been offered as evidence to sustain the issues when the court and jury were engaged in hearing evidence for that purpose, and the record disclosing that, to have reached the verdict rendered, the jury necessarily considered the paper as evidence, to the prejudice of the defendant. p. 204.

From Whitley Circuit Court; *Luke H. Wrigley*, Judge.

Action by Henry O. Stickler against James Gallivan. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590). *Reversed.*

*Hayes W. Linville, Benton E. Gates* and *David V. Whiteleather,* for appellant.

*William F. McNagny, Robert R. McNagny* and *Phil M. McNagny,* for appellee.

LAIRY, J.—Appellee recovered judgment in the trial court in an action based on an oral contract. Appellant's motion for a new trial was overruled and this ruling of the court is assigned as error on appeal. Appellee's action was based on an alleged oral contract by the terms of which he was to purchase hay for appellant and was to be paid a commission on all hay purchased. In addition to such commission he was to receive one-half of the difference between the price at which he purchased the hay and the price which he was authorized by appellant to pay, in all cases where hay was purchased for less than such authorized price.

On the trial of the case appellee offered in evidence a paper designated in the record as "Exhibit F." This purported to be a statement in writing showing
1. numerous purchases of hay from different persons named, showing in each instance the price which appellee was authorized to pay, the price which

was paid, and the number of tons purchased. One-half of the difference between the authorized price and the price paid was computed on the number of tons purchased in each instance and stated as due appellee. The testimony of appellee shows that the paper offered in evidence was not the original account or memorandum made at the time of the transaction, but that the items stated therein were taken from such original account by appellee or under his supervision. The law requires. the best evidence unless a necessity is shown for the introduction of secondary evidence. There was no showing that the original account was destroyed or lost or that for any other reason it could not be produced. It is error to admit in evidence a copy of an original book of entry without a showing that the original cannot be produced. *Crim* v. *Fleming* (1890), 123 Ind. 438, 442, 24 N. E. 358.

When the paper was offered as evidence, a proper objection was made to its admission, which the court overruled and permitted the paper to be read to the jury. It is apparently conceded by appellee's counsel that the evidence was improperly admitted, but it is asserted that the error was cured or rendered harmless by the statement of the court made in ruling on the objection, which is as follows: "Gentlemen of the jury: The paper which is about to be read to you and which constitutes plaintiff's claim on account of commission he claims due him under his agreement with the defendant that he was to have one-half of the difference in the price of hay which he purchased for the defendant below the price he was authorized to pay by the defendant is not any evidence of the truth of plaintiff's claim. It is given to you as constituting a detailed statement of plaintiff's claim, for such commissions. You are not to consider the paper as any evidence of the truth of the

plaintiff's claim for such commission. The objection is overruled."

The trial court was clearly of the opinion that the paper which it permitted to be introduced into the record and read to the jury was not competent evidence to prove any fact in issue in the case. That being true, the objection of appellee should have been sustained. At the time the paper was offered the court and jury were engaged in hearing evidence to sustain the issues made by the pleadings and the paper was offered as evidence for that purpose. By overruling the objection to its admission and permitting the paper to be read to the jury, the court decided that it was proper and competent evidence for some purpose although the ruling was preceded by a statement to the effect that it was not to be considered as any evidence of the truth of the facts therein stated. The ruling of the court being inconsistent with the statement made, it is hard to determine what effect would be produced on the jury. The jury would certainly be confused and possibly misled to the prejudice of appellant. It has been frequently held that an erroneous instruction is not cured or rendered harmless by the giving of a contradictory instruction properly stating the law. The error in giving an erroneous instruction can be cured only by withdrawing it and directing the jury not to consider it. *Fowler* v. *Wallace* (1892), 131 Ind. 347, 355, 31 N. E. 53; *Indianapolis Traction, etc., Co.* v. *Henby* (1912), 178 Ind. 239, 253, 97 N. E. 313.

The item of evidence under consideration here was not withdrawn and the jury had a right to believe that it should consider it for some purpose. When illegal evidence has been admitted by the court against objection, nothing short of a direct and unequivocal charge can cure the error of its admission. It is the duty of the court to see that

no mischief is done and that the illegal evidence be wholly withdrawn, and withdrawn for every purpose. Jones, Evidence (2d ed.) §173; *Delaware, etc., Canal Co.* v. *Barnes* (1858), 31 Pa. St. 193; *Carlisle* v. *Hunley* (1849), 15 Ala. 623; *Florey's Exrs.* v. *Florey* (1854), 24 Ala. 241.

The record discloses that, to have reached the verdict rendered, the jury necessarily considered plaintiff's exhibit F as evidence, to the prejudice of appellant; and the admission of such exhibit F was therefore harmful.

The briefs of appellant are not so prepared as to present any other question. The judgment is reversed, with directions to sustain appellant's motion for a new trial.

NOTE.—Reported in 118 N. E. 679. Evidence: admissibility of copies and transcripts of books of account as secondary evidence, 52 L. R. A. 605. See under (1) 17 Cyc 512; (4) 38 Cyc 1440.