INDIANAPOLIS TRACTION AND TERMINAL COMPANY
v. THORNBURG.

[No. 10,010. Filed November 21, 1919. Rehearing denied March 9, 1920. Transfer denied January 25, 1921.]

1. APPEAL.— Review.— Instructions.— Misleading Instruction.— Proof Required to Sustain Cause of Action.—In an action for personal injuries, an instruction that defendant's denial placed the burden on plaintiff to prove "the material allegations, or at least, one of them," before she could recover, though subject to the criticism that it informed the jury, by implication, that proof by plaintiff of any one of the material allegations of her complaint entitled her to a recovery, was not reversible error, in view of other instructions from which the jury must have understood that it was incumbent on plaintiff to prove at least one of the averments of negligence made by her.   pp. 645, 647.

2. APPEAL.—Review.—Instructions.—Consideration as a Whole. —Instructions should be considered as a whole in determining whether error has been committed in the giving thereof.   p. 646.

3. APPEAL.—Review.—Instructions.—Harmless Error.—Error in a particular instruction will not justify a reversal unless it be of such a nature as to vitiate the whole charge, and the entire charge is vitiated only when it is so erroneous that the jurors must have been misled as to the law of the case.   p. 646.

4. TRIAL.—Instructions.—Use of Latin Terms.—As it is presumed that jurors do not understand Latin, Latin words, phrases and sentences should not be used when instructing a jury.   p. 648.

5. APPEAL.— Review.— Instructions.— Instruction Using Latin Term.—In an action for personal injuries, an instruction that it is not negligence per se for a passenger to attempt to alight

Indianapolis Traction, etc., Co. *v.* Thornburg—74 Ind. App. 642.

from a slowly moving street car, etc., *held,* when the residue of the instruction is considered, not to have misled the jurors because of the use of Latin words. p. 648.

6. APPEAL.—*Review.—Instructions.—Incomplete Instructions.—* Appellant cannot object that an instruction on the subject of contributory negligence is meager, where it did not request an amplified instruction, but tendered and had given an instruction substantially the same as that complained of. p. 648.

7. CARRIERS.—*Carriage of Passengers.—Street Cars.—Personal Injuries.—Action.—Instructions.—Competency of Motorman.* —In a passenger's action for injuries sustained when thrown from a moving street car, in which it was charged that defendant company permitted its car to be operated by an incompetent motorman, an instruction that the sudden starting of a car from which a passenger is about to alight may be considered in determining whether the car was being operated by an incompetent motorman is not objectionable on the ground that an act of negligence on the part of the motorman would not tend to prove that he was incompetent. p. 649.

8. APPEAL.— *Review.— Instructions.— Burden of Proof.—"Burden."—*In an action for personal injuries sustained by plaintiff when thrown from one of defendant traction company's cars, an instruction that if the car was started suddenly without warning to plaintiff as she was about to alight, the burden rested on defendant to explain, etc., was not objectionable on the ground that it shifted the burden of proof to defendant, the word "burden" not being used as the equivalent of the technical phrase "burden of proof," but as synonymous with the word "duty". p. 650.

9. EVIDENCE.—*Burden of Proof.*—The phrase "burden of proof" has a highly technical meaning, denoting a principle or idea relating exclusively to procedure, and its function is to guide the court in settling the issues, in securing an orderly presentation of evidence, etc. p. 650.

10. APPEAL. — *Review. — Instructions. — Doctrine of Presumed Negligence.*—In an action for personal injuries sustained by plaintiff when she was thrown from one of defendant traction company's cars which was started suddenly without warning as she was about to alight, the giving of an instruction which in effect applied the doctrine of presumed negligence, *held* not to constitute reversible error, in view of all the instructions, the theory adopted at the trial, and the evidence adduced. pp. 651, 653.

11. NEGLIGENCE.—*Presumption of Negligence.—Defense of Contributory Negligence.*—A presumption of negligence does not preclude the defense of contributory negligence. p. 651.

12. CARRIERS.—*Carriage of Passengers.—Personal Injuries.—Presumption of Negligence.*—Generally, when a passenger is injured by reason of the machinery and appliance used by the common carrier, which are wholly under its control, negligence on the part of the carrier will be presumed. p. 651.

13. CARRIERS.—*Carriage of Passengers.—Personal Injuries.—Negligence.—Evidence.*—In an action for personal injuries sustained by plaintiff when she was thrown from one of defendant traction company's cars which suddenly started without warning as she was about to alight, plaintiff was not bound to prove by direct and positive evidence the true cause of the starting of the car in order to make out a *prima facie* case of negligence, even though the complaint alleged that it was due to defendant's negligence in having the car equipped with a defective brake and in permitting it to be operated by an incompetent and careless motorman. p. 652.

14. APPEAL.— *Review.— Instructions.— Measure of Damages.*— In an action for personal injuries, the giving of an instruction that the measure of damages should be compensatory and that, if the verdict was for plaintiff, the jury should determine what would compensate her for all damages she may have sustained by reason of the injury incurred, was not error, though not limiting the damages to those shown by the evidence, where another instruction directed that the amount of damages must be determined from the evidence. p. 653.

15. APPEAL. — *Review. — Refusal of Instructions. — Presumed Negligence.*—In an action for personal injuries sustained by plaintiff when she was thrown from one of defendant traction company's cars which was started suddenly as she was about to alight, a requested instruction that the fact that plaintiff was injured in attempting to alight from defendant's car raised no legal presumption that defendant was guilty of any of the acts of negligence charged in the complaint, was properly refused, since, although the mere fact that plaintiff was injured while alighting from the car did not raise a presumption of the carrier's negligence, it was a fact to be considered with other facts in determining whether such presumption existed, and the instruction did not fairly present the matter. p. 654.

16. DAMAGES.—*Excessive Damages.*—In an action for personal injuries, where it was shown that plaintiff's injuries consisted of cuts about the head and face, a broken nose, bruises on various parts of the body, three broken teeth and severe injuries to the back and neck, a verdict for $2,909 is not excessive. p. 654.

From Owen Circuit Court; *Robert W. Miers,* Judge.

Action by Katherine Thornburg against the Indianapolis Traction and Terminal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*S. C. Kivett, Willis Hickam, D. E. Watson* and *W. H. Latta,* for appellant.

*Homer Elliott, Charles B. Clark* and *Walter C. Clark,* for appellee.

DAUSMAN, J.—Appellee instituted this action in the Marion Superior Court to recover damages for personal injuries alleged to have been sustained when she was thrown from one of appellant's cars in the city of Indianapolis by reason of appellant's negligence. The venue was changed to the Owen Circuit Court where the cause has been tried twice. The second trial resulted in a verdict for appellee in the sum of $2,909. With their verdict the jurors returned answers to twenty-five interrogatories. Judgment on the verdict. The only error assigned and presented is the overruling the motion for a new trial. Under that assignment appellant challenges the correctness of five instructions given, and also challenges the action of the court in refusing one instruction tendered by appellant.

(1) In its instruction No. 1 the court recited at length the substance of the complaint. The first paragraph of instruction No. 2 is in the following language:

1. "To this complaint, the defendant has answered by a general denial. This denial by the defendant places the burden on the plaintiff to prove by a preponderance of the evidence the material allegations or, at least, one of them before she can recover." The remainder of the instruction is devoted to a statement of the material allegations of the complaint. As thus stated, the complaint contains two allegations of negligence, viz.: (1) That appellant negligently permit-

646    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Thornburg—74 Ind. App. 642.

ted its car to be operated while equipped with a brake which was defective and unfit for use; and (2) that appellant negligently permitted its said car to be operated by an unskilled, inexperienced, incapable and careless motorman. The other material allegations embraced in said statement are those which aver the existence of the relation of carrier and passenger, the sudden movement of the car which threw appellee to the ground, the nature and extent of her injuries, and the expenditure by her of an amount of money for medical attention and nurses.

The objection to instruction No. 2 is directed against the first paragraph thereof. The contention is that by that paragraph the jurors were told, by implication, that if appellee had proved any one of the material allegations of her complaint she was entitled to recover. The paragraph under consideration, standing alone, is justly subject to that criticism. But that is far from saying that it constitutes reversible error.

The instructions must be considered as an entirety. In reality there is but one instruction—one charge—given to the jury. But because of the serial nature of thought and expression, the charge necessarily must consist of several paragraphs, each of which is devoted to some particular feature of the case; and it is for convenience only that these paragraphs are numbered and designated as separate instructions. No instruction is to be regarded as independent and isolated, but rather as a related and connected part of the entire charge. The rule is that error in a particular paragraph will not justify a reversal unless it be of such a nature as to vitiate the whole charge. The entire charge is vitiated only when it is so erroneous that the jurors must have been misled as to the law of the case. *Shields* v. *State* (1897), 149 Ind. 395, 406, 49 N. E. 351. With this

rule in mind we scan the charge and find several
1. paragraphs bearing on the alleged error now
under consideration.    One of them reads as follows:    "While the burden is upon the plaintiff in this
case to prove the material allegations of her complaint,
I charge you that if the plaintiff has proven any one of
the alleged acts of negligence, and that that negligence
caused the injuries to plaintiff, then plaintiff has complied with all the requirements resting on her in this
respect."

The other paragraphs relating to this matter we need
not embody in this opinion.    It is sufficient to say that
after hearing the entire charge the jurors must have
understood that both averments of negligence need not
be proved, but that proof of one of them would be sufficient.    We are bound to presume that the jurors were
men of at least ordinary intelligence, and that precludes
the presumption that they were so dense as to understand that it was their duty to find for appellee if only
one of the material allegations of the complaint had
been proved.

(2) An instruction requested by appellee and given
by the court reads as follows:    "It is not negligence
*per se* for a passenger to attempt to alight from a
slowly moving street car, and whether such an act contributed to the injury of the passenger is a question for
the jury.    So in this case I charge you that the plaintiff was only charged with the duty of exercising reasonable care in alighting from the car, and she is not to be
denied a recovery herein solely upon the ground that
the car was in motion, if you find it was in motion,
at the time she attempted to alight therefrom.    If at
the time she was alighting from said car she was exercising the degree of care that any person of ordinary
prudence would have exercised, then she was not negligent."

The first objection addressed to this instruction is that the court should not have used Latin in its charge to the jury. We concur in that criticism. The presumption is that jurors do not understand Latin. The Latin words, phrases and sentences found in our law books should not be used when instructing a jury. Their meaning can be expressed with as much force and elegance in English; and a just pride in the accurate use of our national tongue would facilitate the administration of justice. However, when the residue of the instruction is considered, it becomes apparent that the Latin words could not have misled the jurors as to the law of the case or of the particular feature involved in the instruction.

The second and third objections addressed to the instruction rest on the proposition that it is meager. The contention is that the jurors should have been instructed that in determining whether appellee was chargeable with contributory negligence they should consider the speed of the car, the danger to be apprehended, and the manner in which the attempt was made. The appellant was bound to know that the jury would be instructed on the subject of contributory negligence, and might have anticipated that the law of that subject would be stated in general terms. Therefore, if appellant desired an amplified instruction, it should have prepared one to its liking and requested the court to give it. Instead of pursuing that course, appellant tendered, and the court gave to the jury "Defendant's Instruction No. 11," which is substantially the same as the one of which appellant is now complaining, except that it contains no Latin words.

(3) Another instruction, given at the request of appellee, is in the following language: "If you find from the evidence that plaintiff was a passenger on one of defendant's cars and that on nearing Drexel Avenue

NOVEMBER TERM, 1920.        649

Indianapolis Traction, etc., Co. *v.* Thornburg—74 Ind. App. 642.

plaintiff desired to alight from said car and that said car came to an apparent stop at said time and plaintiff attempted with others to alight therefrom, and at said time said car without any warning suddenly started or moved on with increased speed, then you may consider such facts as to the sudden starting of said car, if so proven, in determining whether or not said car was operated by an incompetent motorman or that there were defective appliances on said car as charged in the complaint, or that the motorman carelessly started said car, and if you should find that said car started suddenly and without warning to plaintiff as she was about to alight and was in a place of danger, if said car was so started, then the burden rests upon the defendant to explain said facts and to show that said car did not suddenly and without warning move forward on account of any act of an incompetent motorman or on account of any defective appliance on said car, all as charged in the complaint."

The objections to this instruction are: (1) That an act of negligence on the part of the motorman would not tend to prove that he was incompetent; and (2) that the sudden starting of the car, under the circumstances stated in the instruction, would not shift the burden of proof onto appellant to show that the motorman was competent or that the car was equipped with proper appliances, or to explain the cause of the sudden starting of the car.

We are of the opinion that the first objection is not well taken. If the sudden starting of the car was due to the carelessness of the motorman, then that carelessness must have some bearing on the question of his competency. A motorman who is habitually careless in the matter of controlling the movement of his car, surely would be incompetent, unsuitable, unqualified, and unfit to hold his position. If by a single

act of carelessness a motorman should cause a serious accident resulting in great financial loss to his employer, no doubt the employer would seriously consider the advisability of discharging him on the ground of incompetency, even though in fact he knew how to operate a car properly.

Counsel for appellant insist with much earnestness that the court erred in charging the jury to the effect "that the mere starting of the car was itself sufficient to cast on the defendant the burden of proof to explain the condition of the appliances or the incompetency or negligence of the motorman." The phrase "burden of proof" has a highly technical meaning. The idea, or principle, which it denotes relates exclusively to procedure. Its function is to guide the court in settling the issues, in securing an orderly presentation of evidence at the trial, etc. But it is a matter with which jurors should have nothing whatever to do. 5 Am. and Eng. Ency. Law 21; *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, 279, 63 N. E. 456; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 262, 71 N. E. 218, 660; *Pittsburgh, etc., R. Co.* v. *Collins* (1904), 163 Ind. 569, 573, 71 N. E. 661.

However, when we scrutinize the instruction, we find that the court did not use the phrase "burden of proof." The instruction consists of a single sentence composed of about 200 words rather awkwardly put together. But the gist of it is that if the car suddenly started forward under the conditions stated, then, if appellant would avoid the charge that the sudden movement of the car was due either to defective brakes or to the carelessness of the motorman, the burden is on appellant to show that the sudden starting of the car was due to some other cause. It should be noted that the court did not use the word "burden" as

the equivalent of the technical phrase "burden of proof" but rather as synonymous with the word "duty." 10 R. C. L. 896. That duty appellant attempted to discharge by showing that the sudden starting of the car was due to a slick track occasioned by weather conditions; and the jury found by its answer to one of the interrogatories requested by appellant that the track was not slick.

Counsel for appellant contend that the so-called "doctrine" of presumed negligence is not applicable to the case at bar; and they assume that the giving of the instruction constitutes an erroneous application of that doctrine. A careful examination of the instruction will disclose that it does not literally include the idea of presumed negligence. But it may be said with some degree of plausibility that the effect of the instruction is as counsel contend. Since not to do so might be regarded evasive, we will determine the contention on counsel's assumption.

It is true that in the case of *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239, 3 N. E. 874, it was said that a presumption of negligence did not arise because the question of contributory negligence was involved. In that case a presumption of negligence was properly excluded, but the reason given therefor, above stated, is invalid. A presumption of negligence does not preclude the defense of contributory negligence. Liability does not necessarily follow negligence. Negligence may be presumed or even confessed, and yet liability may be avoided by establishing contributory negligence. The courts are generally agreed that when a passenger is injured by reason of the machinery and appliances used by the common carrier, which machinery and appliances are wholly under its control, negligence on the part of the carrier will be presumed. 20 R. C. L. 188. The

presumption arises out of experience and the doctrine of probabilities. 20 R. C. L. 184. In such cases the rule is that if the carrier would relieve itself of the presumption of negligence, it must show that the accident occurred in spite of the fact that it exercised the proper degree of care. One reason for the rule is found in the relative situation of the parties. In the case at bar the appellee was not in a position to search out and prove by direct and positive evidence the true cause of the sudden starting of the car; and she was not bound to do so in order to make a *prima facie* case of negligence, even under the averments of her complaint. From the evidence adduced by the appellee the jurors would have been justified in drawing the inference that the cause of the sudden starting of the car was as averred in the complaint; and if appellant would avoid that inference, it was in a peculiarly favorable position to show a different cause. By so doing it might, or might not, have avoided liability. However, it clearly appears by the later cases that the reasoning of the Marion case, in so far as it relates to the element of contributory negligence, has been abandoned. *Terre Haute, etc.* v. *Sheeks* (1900), 155 Ind. 74, 56 N. E. 434; *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1; *Evansville, etc., R. Co.* v. *Mills* (1906), 37 Ind. App. 598, 77 N. E. 608. The decisions of the courts generally are in harmony with these later cases. See the cases collected in note to *McGinn* v. *New Orleans Railway, etc., Co.* (1907), 13 L. R. A. (N. S.) 601. As to the nonexistence of a presumption of negligence, appellant relies mainly on *Dressler* v. *Citizens' St. R. Co.* (1898), 19 Ind. App. 383, 47 N. E. 651, but what we have said concerning the Marion case is equally applicable to the Dressler case.

Indianapolis Traction, etc., Co. *v*. Thornburg—74 Ind. App. 642.

By certain instructions requested by appellant the jurors were charged in clear and unequivocal language as follows:

"If plaintiff recovers at all in this action, she must recover upon the theory thus expressed in her complaint. Proof that she was injured by any other act of negligence, not charged in the complaint, or in any manner not charged in the complaint, would not entitle plaintiff to recover."

"If you find * * * that in truth and in fact such movement was not due to defective brakes and not to an incapable motorman, but was due to the conditions of the track as a result of weather conditions on the occasion in question, then I instruct you that even though plaintiff was injured by such movement, yet she cannot recover. If the facts be as indicated in this instruction, your verdict should be for the defendant."

We do not want to be understood as giving unqualified approval to the instruction under consideration; but we do hold that, in view of the entire charge, the theory adopted at the trial, and the evidence adduced, the giving of the instruction is not reversible error. §407 Burns 1914, §398 R. S. 1881.

(4) The seventh instruction given by the court of its own motion reads as follows: "The measure of damages in this case will be compensatory. If you find for the plaintiff, you will determine what will compensate her for all damages she may have sustained by reason of the injury incurred."

Counsel criticize this instruction on the grounds that the damages are not limited (1) to those averred in the complaint, and (2) to those shown by the evidence. Under the circumstances of this case the first ground of criticism must be regarded as frivolous. As to the second ground, we assume that counsel inadvertently overlooked the fact that in another instruction the

654    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Thornburg—74 Ind. App. 642.

jurors were told in plain language that the amount of damages must be determined from the evidence.

(5) One of the instructions requested by appellant is in the following language: "I instruct you that the fact, if you find it to be a fact, that the plaintiff was injured in attempting to alight from defendant's car, raises no legal presumption that the defendant was guilty of any of the acts of negligence charged in the complaint."

The mere fact that appellee was injured while alighting from the car does not, of course, raise a presumption of negligence on the part of the carrier. But it is a fact to be considered with other facts in determining whether a presumption of negligence existed. It is clear, therefore, that the instruction does not fairly present the matter, and for that reason alone the court did not err in rejecting it. However, it should be observed that the instruction rests on the assumption that a presumption of negligence is not a presumption of fact but a presumption of law (i.e. a rule of law). We will not discuss this feature. We will content ourselves by saying that the trial court would not have been justified in giving the instruction.

(6) At the time of the trial appellee was forty years of age. The testimony shows without conflict that she was thrown to the ground with such violence that she was rendered unconscious. Cuts were inflicted on her forehead, lips and chin. Her nose was broken. She sustained bruises on various parts of the body. Her mouth was filled with dirt and gravel. Three teeth were broken off. She was severely injured in her back and neck. Dr. Sweet of Martinsville, one of the physicians appointed by the court to examine her, testified that the nerves coming from the spinal cord in the cervical and dorsal regions were quite sore and tender to touch; that from the base of the skull

down to the seventh or eighth dorsal vertebra there was unusual sensitiveness; that the intercostal nerves extending around to the sternum were quite sore and sensitive; that the tissues and muscles around these nerves were sore; and that her condition indicates neuritis resulting from traumatism. He was doubtful as to whether she will recover. We need not mention other features of the injuries sustained. The damages are not excessive.

Judgment affirmed.