GARY RAILWAYS, INC. *v.* CHUMCOFF.

[No. 18,006. Filed February 19, 1951. Rehearing denied March 30, 1951. Transfer denied January 30, 1952.]

*Draper & Eichorn,* of Gary, and *George Sammons,* of Kentland, for appellant.

*Strom & Spangler,* of Gary, for appellee.

ACHOR, J.—This is an action brought by appellee to recover damages for alleged injuries sustained by him because of the alleged negligent operation of one of appellant's street cars, upon which appellee and his wife were riding.

The complaint is in two paragraphs: the first for recovery of damages by reason of the alleged injury to plaintiff and the second by reason of damages sustained by plaintiff because of alleged injury to the wife.

The allegation regarding negligence in each paragraph is identical, except that in the second "plaintiff's wife" is substituted for "plaintiff" as it appears in the first paragraph. The allegation is as follows:

> "That the plaintiff entered the street car and as he was standing in the front part of said street car near the conductor's platform, preparing to enter the aisle of said street car. the defendant, by its agent, and servant, whose name is unknown, then in charge of and operating said street car, negligently and carelessly caused the same to lunge forward with a sudden and violent jerk, whereby and as a proximate result thereof, the plaintiff, while exercising due caution for his safety, was thrown off his balance and caused to fall to the floor and against the interior of said street car."

Judgment was rendered for plaintiff on the verdict.

Appellants, among numerous other causes, assign as error in their motion for new trial, the giving of appellee's Instruction No. 3, over the objection of defendants.

In view of the conclusion of this court, it is not necessary to consider other causes assigned as error. Plaintiff's Instruction No. 3 reads as follows:

> "The court instructs the jury that if they find from the evidence in this case that the defendant, was operating the car mentioned in the evidence as injuring the plaintiff, as a carrier of passengers for hire, and if the jury finds from the evidence that, on the evening of said day, at the place mentioned in the evidence, defendant's servants in charge of said car received the plaintiff as a passenger on said car, and if the jury find from the evidence that, while the plaintiff was on said car and before he had a reasonable time or opportunity

to reach a seat on said car, or a place of safety on said car, defendant's servants in charge of said car negligently caused or suffered said car to start and move forward and jerk, and that thereby plaintiff was thrown to the floor in said car and injured, and if the jury find from the evidence that plaintiff was exercising ordinary care at the time of his injury, he is entitled to recover."

Appellant's objections thereto are as follows:

"(1)   It is an incorrect statement of law in that there is no duty on the part of the defendant under the allegations of the complaint or the evidence, that requires defendant to give plaintiff reasonable time to reach a seat, particularly since the plaintiff testified he did not intend to sit down; for the further reason that plaintiff testified there were no seats available.

"(8)   There is no duty on the part of the defendant to wait until plaintiff was seated or any other place in the car than where he was, in the absence of knowledge on the part of the defendant of some infirmity, or that he was in an unsafe place, and there is no such allegation or evidence."

We believe the instruction to be erroneous for two reasons:   First, inasmuch as appellee testified that there were no seats available and that he did not intend to sit down, under this evidence it was improper to ask the jury to consider the issue of "reasonable time or opportunity to reach a seat on said car" in connection with the issue of appellant's alleged negligence. Secondly, as a matter of law there was no duty on the part of defendant (appellant) to wait until plaintiff was seated before starting the car.

"It is generally held that it is not necessary to hold a car until a passenger is seated, and that the carrier is not liable for injuries sustained by a passenger while in the act of taking a seat, in consequence of the starting of the car, unless it is started

in a violent, unusual, or reckless manner, or unless the unusual conditions and circumstances surrounding a particular passenger, as in case of an enfeebled or infirm passenger, require that the car be held until he is seated. . . ."

13 C. J. S. 1382, §733e; *Cavanaugh* v. *Connecticut Co.* (1929), 110 Conn. 698, 149 Atl. 131; *Georgia Power Co.* v. *Watts* (1937), 56 Ga. App. 322, 192 S. E. 493; *Worez* v. *Des Moines City Ry. Co.* (1916), 175 Iowa 1, 156 N. W. 867; *Brocato* v. *United Rys. & Electric Co.* (1916), 129 Md. 572, 99 Atl. 792; *Phinney* v. *Eastern Massachusetts St. Ry. Co.* (1934), 285 Mass. 207, 189 N. E. 52; *Cincinnati Traction Co.* v. *Burkhardt* (1915), 4 Ohio App. 103; *Straight* v. *United Electric Rys. Co.* (1925), 46 R. I. 383, 128 Atl. 571; *Grinath* v. *Baltimore & Blair Electric Ry. Co.* (1924), 145 Md. 290, 125 Atl. 604; *Herbich* v. *North Jersey St. R. Co.* (1902), 67 N. J. L. 574, 52 Atl. 357; *Bennett* v. *Louisville R. Co.* (1906), 122 Ky. 59, 90 S. W. 1052; *Ottinger* v. *Detroit United R. Co.* (1911), 166 Mich. 106, 131 N. W. 528.

Plaintiff contends that there was no error in that the instruction does not affirmatively state that there was any *duty* on the part of defendant to give plaintiff reasonable time and opportunity to reach a seat before it caused the car to start. That, in substance, the instruction merely tells the jury that if they find the defendant "negligently caused or suffered said car to start and move forward and jerk and that thereby plaintiff was thrown to the floor in said car and injured, . . . he is entitled to recover" and that the clause "before he had a reasonable time or opportunity to reach a seat on said car" was merely incidental and descriptive of plaintiff's position at the time of the negligent conduct and injury.

The pertinent part of the instruction is as follows: ". . . if the jury find from the evidence that, while the plaintiff was on said car and before he had a ▉ reasonable time or opportunity to reach a seat on said car, . . . defendant's servants in charge of said car negligently caused or suffered said car to start and move forward and jerk, . . . and that thereby plaintiff was thrown to the floor . . . and injured, . . . he is entitled to recover." We believe the language of the instruction is such that reasonable men would conclude therefrom that liability for negligently starting the car was predicated upon plaintiff not having been given reasonable time and opportunity to obtain a seat. We believe the effect of the instruction was to impress the jury that appellant was under a duty to give appellee time to obtain a seat before starting the car in the manner described in the instruction, whereas no such duty exists at law.

Appellee contends that any defect or ambiguity in plaintiff's Instruction No. 3 was cured by defendant's Instructions numbers 6 and 8. Instruction No. 6 tells the jury that (under the circumstances of the case), "it would not be negligence to start the car before the plaintiff was seated." Instruction No. 8 tells the jury that plaintiff can recover only "if the operator of the car negligently, carelessly and heedlessly caused the car to lunge forward with a sudden and violent jerk."

Plaintiff's Instruction 3 is in direct conflict with defendant's Instructions 6 and 8, but its error is not rectified thereby. It is axiomatic that a bad in- ▉ struction is not cured by another which correctly states the law. A Jury cannot be required to choose between correct and incorrect instructions given by the court. An erroneous instruction can only be cured "by plainly withdrawing the instructions

named from the jury." *Wenning et al.* v. *Teeple et al.* (1895), 144 Ind. 189, 195, 41 N. E. 600. And in *Fowler* v. *Wallace* (1891), 131 Ind. 347, 355, 31 N. E. 53, the court said: "It is an elementary principle of procedure that the court can not by contradictory instructions leave to the jury the duty of determining which of the two lines of instructions shall be followed, or what rule of law shall control the case."

It is further maintained by appellee that the verdict is so clearly right upon the evidence as a whole that error in this particular instruction may be disregarded.

On the evidence in the record reasonable men might have reached different conclusion on the question of negligence. The matter of appellant starting the car before appellee had "reasonable time or opportunity to reach a seat" may have been a controlling factor in the decision reached by the jury. This is a mandatory instruction. Under the circumstances we cannot say that the instruction was harmless.

Judgment reversed.

NOTE.—Reported in 96 N. E. 2d 685.