DECKARD, BY HER NEXT FRIEND *v.* ADAMS.

[No. 30,711. Filed January 11, 1965.]

124

*Buena Chaney* and *Mann, Mann, Chaney & Johnson,* of Terre Haute, for appellant.

*Clelland J. Hanner,* of Rockville, and *Jerdie D. Lewis,* and *Lewis & Lewis,* of counsel, of Terre Haute, for appellee.

ACHOR, J.—The above matter is before us on petition to transfer, under Supreme Court Rule 2-23. [For Appellate Court opinion, see: *Deckard* v. *Adams* (1964), 197 N. E. 2d 317.]

Appellee has filed a motion to dismiss the petition, on the grounds that it does not conform to requirements of Rule 2-23, in that the brief in support of the petition is not separate therefrom.

The applicable part of Rule 2-23 is as follows:

"A petition to transfer a cause from the Appellate Court to the Supreme Court *shall be separate from the briefs* in support thereof . . .

. . .

Briefs may be filed with and in support of the

petition but they shall not be necessary to invoke the jurisdiction of the court. . . ." [Emphasis added.]

No cases have been cited in which this court has construed the above rule. A similar separation requirement is found, however, in Rule 2-22 regarding petitions for rehearing, which provides:

"Application for a rehearing of any cause shall be made by petition, *separate from the briefs,* . . . stating concisely the reasons why the decision is thought to be erroneous. . . ." [Emphasis added.]

This court noted that it is the declared policy of the legislature [Acts 1881 (Spec. Sess.), ch. 38, §137, p. 240, being §2-1071, Burns' 1946 Repl.] and of ■ this court that cases be decided upon their merits insofar as possible. *Miller, etc.* v. *Ortman, etc. et al.* (1956), 235 Ind. 641, 136 N. E. 2d 17; Flanagan, Wiltrout & Hamilton Indiana Trial and Appellate Practice, §2115, ch. 40, p. 4.

In the above cited case this court held that, although the Rule 2-22 contemplates that a petition for rehearing and the argument in support thereof be filed under separate cover, a petition for rehearing would be accepted even though it set forth in a single document reasons for such rehearing and the argument in support thereof, since said reasons and argument were in separate rhetorical paragraphs, with the grounds or reasons set forth in one paragraph and the argument in support thereof set forth immmediately thereafter.

We have considered the case of *Dorweiler* v. *Sinks* (1958), 238 Ind. 368, 151 N. E. 2d 142. In that case this court held that a petition for rehearing violated the separation requirement of Rule 2-22. However, in that case the various allegations of error asserted as reasons for rehearing were commingled seriatim with

the arguments in support thereof. Consequently it was held that the commingled arguments must be ignored and stricken as surplusage and that the remainder of the petition for rehearing being inseparably commingled with the argument relative thereto in a manner not capable of rhetorical separation must be stricken also, since, in its depleted form, it was not sufficient to present an issue as contemplated by Rule 2-22.

In the case at bar the petition for transfer asserted that the Appellate Court opinion contravened numerous ruling precedents of this court, each of which related to an erroneous instruction given by the court. In her petition to transfer, appellant, after setting forth the several ruling precedents which the Appellate Court is alleged to have contravened, sets forth the instruction given, appellant's objection thereto, the ruling precedent as stated by this court, citing authority, and the statement in the Appellate Court opinion which allegedly contravened the ruling precedent of this court as previously stated.

The petition to transfer further employs only such introductory remarks as are necessary to explain the facts and the effect of the legal principles involved. It therefore conforms with the requirement of Rule 2-23, *supra*.

Next we consider the merits of the case. This was an action involving personal injuries growing out of the operation of an automobile. The verdict was for the defendant-appellee. The court, over the objection of the plaintiff-appellant gave the following mandatory instruction which erroneously cast upon the plaintiff the burden of proving not only that the negligence of the defendant was the proximate cause of the injury but also that the plaintiff was free from contributory negligence. *Harper* v. *James* (1965),

246 Ind. 131, 203 N. E. 2d 531. The instruction reads as follows:

> "You are instructed that defendant, Ralph Johnson Adams, is not required to disprove the acts of negligence contained in the amended complaint of Carmen Deckard, but the burden is upon Carmen Deckard to prove by a preponderance of the evidence that defendant, Ralph Johnson Adams, was negligent in one or more acts as charged in plaintiff's amended complaint, and that one or more of such negligent acts *was the sole proximate and direct cause* of injuries to plaintiff, Carmen Deckard, and failing so to do, your verdict should be against plaintiff, Carmen Deckard, on her amended complaint herein." [Our Emphasis.]

Appellee contends that the error was not reversible for the reason that the court in other instructions specifically stated that the burden of proving contributory negligence was upon the defendant-appellee. Appellee's argument is not tenable.

The rule is well settled that:

> " . . . If by an instruction the burden of proof is placed on the wrong party the judgment will be reversed. . . ." *Johnson* v. *Samuels* (1916), 186 Ind. 56, 62, 114 N. E. 977.

Also, this court has repeatedly ennunciated the rule that the error of a bad instruction is not cured by the giving of correct instructions on the same subject. Such instructions are not to be viewed as a whole, with this court on appeal left to determine which of the contradictory instructions the jury should reasonably have believed. *Gallivan* v. *Stickler* (1918), 187 Ind. 201, 118 N. E. 679; *Indianapolis Traction, etc. Co.* v. *Henby* (1912), 178 Ind. 239, 97 N. E. 313; *Fowler* v. *Wallace* (1892), 131 Ind. 347, 31 N. E. 53; *Gary Railways, Inc.* v. *Chumcoff* (1952), 122 Ind. App. 139, 96 N. E. 2d 685. See also: *Snow* v. *Sutton* (1961), 241 Ind. 364, 170 N. E. 2d 816.

As stated in *Fowler* v. *Wallace, supra,* at pp. 355-356:

" . . . It is an elementary principle of procedure that the court can not by contradictory instructions leave to the jury the duty of determining which of the two lines of instructions shall be followed, or what rule of law shall control the case. The law must come from the court, and be so declared that the jury can follow it without confusion."

Appellant also assigns as error and argues that defendant-appellee's Instruction No. 18 given by the court was erroneous. It is not necessary to a decision in this case that we make an exhaustive analysis of this instruction. It is grossly ambiguous and could only confuse the jury. Therefore, without deciding whether it is patently prejudicial, we concur in appellant's contention that it should have been refused.

Judgment reversed.

Arterburn, C. J., and Landis, J., concur.

Myers, J., concurs in result.

Jackson, J., dissents with opinion.

### DISSENT

JACKSON, J.—This dissent is directed to the single proposition that the majority opinion is in error in holding the instruction in question was erroneous and required reversal.

The instruction in question reads as follows:

"You are instructed that defendant, Ralph Johnson Adams, is not required to disprove the acts of negligence contained in the amended complaint of Carmen Deckard, but the burden is upon Carmen Deckard to prove by a preponderance of the evidence that defendant, Ralph Johnson Adams, was negligent in one or more acts as charged in plaintiff's amended complaint, and that one or more of such negligent acts was the sole proximate and direct cause of injuries to

plaintiff, Carmen Deckard, and failing so to do, your verdict should be against plaintiff, Carmen Deckard, on her amended complaint herein."

In order to sustain the theory on which the majority opinion grants the transfer the instruction must be mandatory. The criterion that determines whether or not an instruction is or is not mandatory is laid down in *Vance* v. *Wells* (1959), 129 Ind. App. 659, 159 N. E. 2d 586, which holds:

" . . . A mandatory instruction unequivocally charges the jury that if they find from a preponderance of the evidence that a certain set of facts exists, they must render a verdict in accordance therewith, either for the plaintiff or in favor of the defendant. It positively directs the jury to find for one party and against the other. It is necessary that all the essentials to either party's right to recover must be included in such an instruction. *Moorman Mfg. Co.* v. *Barker* (1942), 110 Ind. App. 648, 40 N. E. 2d 348. Defendant's Instruction No. 1 does not attempt to do this, but merely informs the jury generally as to the care the law required of the two drivers and the guest, in accordance with the law as stated in the other instructions given."

It being apparent that the instruction complained of is not mandatory, we can then rely on the rules laid down in the following cases:

" . . . If, considering the instructions as a whole, they fully and fairly instruct the jury as to every material fact in controversy, they will be considered as sufficient. Error in any particular instruction will not justify a reversal unless it be of such a nature as to vitiate the whole charge to the jury and such charge is vitiated only when the instruction is so erroneous that it must be concluded that the jurors have been misled as to the law of the case. *Hough* v. *Miller* (1942), 112 Ind. App. 138, 44 N. E. 2d 228, *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. 2d 816; *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d

345." *Stull* v. *Davidson et al.* (1955), 125 Ind. App. 565, 579, 127 N. E. 2d 130.

"The instructions must be considered as an entirety. In reality there is but one instruction—one charge—given to the jury. But because of the serial nature of thought and expression, the charge necessarily must consist of several paragraphs, each of which is devoted to some particular feature of the case; and it is for convenience only that these paragraphs are numbered and designated as separate instructions. No instruction is to be regarded as independent and isolated, but rather as a related and connected part of the entire charge. The rule is that error in a particular paragraph will not justify a reversal unless it be of such a nature as to vitiate the whole charge. The entire charge is vitiated only when it is so erroneous that the jurors must have been misled as to the law of the case. *Shields* v. *State* (1897), 149 Ind. 395, 406, 49 N. E. 351. . . ." *Indianapolis Traction, etc., Co.* v. *Thornburg* (1921), 74 Ind. App. 642, 646, 125 N. E. 57.

The following paragraph from the Appellate Court opinion *Deckard* v. *Adams* (1964), 197 N. E. 2d 317 found on page 319, I think covers the case at bar and reads as follows:

"Instructions to the jury are viewed as a whole, and the appellant's argument, while ingenious, would lead us into a semantic swamp wherein we could easily become mired. The instruction was one of the instructions given on the burden of proof, and the court further instructed the jury that the burden of proving contributory negligence rested with the appellee. Under these circumstances it is apparent that the jury would not be so misinstructed as to require us to reverse."

Transfer should be denied.

NOTE.—Reported in 203 N. E. 2d 303.