**Chester HAINEY and Baird Mobile Homes, Inc., Appellants,**

v.

**Jack ZINK, Larry Zink, and Steve Zink, d/b/a Zink & Sons Wrecker Service, Appellees.**

No. 1–678–A–162.

Court of Appeals of Indiana, First District.

Sept. 24, 1979.

Rehearing Denied Oct. 30, 1979.

David V. Scott, Rebecca G. Looney, Kelso & Scott, New Albany, for appellants.

Richard L. Fairchild, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellees.

LYBROOK, Judge.

Chester Hainey (Hainey) was driving a truck under the employ of Baird Mobile Homes, Inc. (Baird). In the course of his employment, Hainey was towing a mobile home from Indiana to Ohio, using a truck owned by Baird. On the way to Ohio, the truck Hainey was driving broke down, whereupon he parked the truck at a truckstop. A wrecker was summoned from Zink & Sons Wrecker Service (Zink).

The wrecker came to tow the broken truck to a garage for repairs. The wrecker also provided Hainey with a ride back to his automobile. While towing the broken Baird truck and giving Hainey a ride, the Zink wrecker was involved in an accident, resulting in personal injury to Hainey and property damage to the Baird truck.

Hainey brought suit against Zink for personal injuries he suffered in the accident.

Thereafter, Baird, pursuant to Ind.Rules of Procedure, Trial Rule 24(B), filed a motion to intervene in the suit. Baird sought recovery for damages to its truck that resulted from the accident.

At the close of the plaintiffs' proof, the trial court withdrew Hainey's case from the jury and granted judgment on the evidence in favor of Zink. The trial court determined that Hainey was a guest in the Zink wrecker, thereby coming within the Indiana Guest Statute. Ind.Code 9–3–3–1. Hainey filed a timely motion to correct errors and a timely praecipe. Additionally, the jury found for Zink and against Baird. Baird filed a timely motion to correct errors and a timely praecipe. This appeal results.

Both the judgment on the evidence in favor of Zink, and the jury verdict in favor of Zink, are reversed.

### I.

In his motion to correct errors, Hainey presents the following issues for our review:

1) Whether the court erred in granting the defendants' motion for judgment on the evidence on the grounds that the Guest Statute was applicable to preclude recovery for negligence?

2) Whether the evidence was sufficient to permit a finding that Hainey was a passenger for consideration, and not a guest, in Zink's wrecker at the time of the accident?

3) Whether the evidence was sufficient to permit a finding that there existed a carrier-passenger relationship between Hainey and Zink at the time of the accident, thereby precluding the operation of the Guest Statute to relieve Zink from liability?

Since we reverse the granting of judgment on the evidence in favor of Zink, we need not discuss all of Hainey's allegations of error. The pivotal question upon which rests the propriety of the trial court's granting Zink's motion for judgment on the evidence is whether or not Hainey was a guest in the Zink wrecker.

The Indiana Guest Statute, Ind.Code 9–3–3–1 states:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while *being transported without payment therefor*, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are [sic] caused by the wanton or willful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle." (Emphasis added.)

The key to determining whether or not Hainey was a guest turns on the words "without payment therefor;" in other words, was valuable consideration given for the ride, or was Zink directly compensated in a substantial and material way? *Furniss et ux. v. Waters*, (1971) 150 Ind.App. 566, 277 N.E.2d 48. *See also Liberty Mutual Ins. Co. v. Stitzle*, (1942) 220 Ind. 180, 41 N.E.2d 133. If compensation or material consideration was received by Zink, then Hainey was not a guest.

This flow of consideration or payment "involves not simply a weighing of benefits given and received but also contemplation of the factors surrounding the transportation which are indicative of the status of the passenger." *Furniss, supra*, 150 Ind. App. at 569, 277 N.E.2d at 50. In *Allison v. Ely*, (1960) 241 Ind. 248, 262–63, 170 N.E.2d 371, 378, our Supreme Court stated that there are many factors to be used by a court in distinguishing a guest from a passenger for hire:

"1. The motives and purposes which actuate the transaction are of prime importance. (Citations omitted.)

2. The motivating reasons for the invitation to ride determine the character of the passenger, and the purpose of the trip. (Citations omitted.)

3. If the purpose of the trip is primarily for business as distinguished from pleasure or social, and the presence of the passenger in the motor vehicle directly compensates the owner or operator thereof in a substantial and material way, then

the guest relationship does not exist. (Citations omitted.)

4. If the trip is primarily social or for pleasure as distinguished from business, incidental benefits, even the payment of money, do not exclude the guest relationship. (Citations omitted.)

5. The word 'guest' has more 'social' than 'business' significance. (Citations omitted.)"

In the case at bar, the relationship between Hainey and Zink was not social. Zink provided transportation to Hainey not merely for Hainey's convenience, but to increase the business goodwill of Zink & Sons Wrecker Service. The benefit flowing from Hainey to Zink was the fact that Hainey would appreciate the kindness extended by Zink in providing him a ride, and that such kindness would be repaid with future business, good reputation in the wrecker business, and/or an increase in the goodwill of Zink & Sons Wrecker Service. Such benefits to Zink are certainly more of a business nature than a social one. Although a certain social gratitude would flow between Zink and Hainey for the "gratuitous" ride, the essence of the courtesy was not gratuitous in nature.

As a result of the evidence presented at trial concerning the "guest" or "passenger for hire" issue, we do not feel that the "passenger for hire" status of Hainey was "not supported by sufficient evidence." Therefore, judgment on the evidence, pursuant to T.R. 56, was erroneous, and the case should have gone to the jury to determine whether Hainey was a guest or a passenger for hire.

The judgment on the evidence in favor of Zink and against Hainey is reversed, and the case remanded for a new trial.

## II.

In its motion to correct errors, Baird presents the following issues for our review:

1) Whether the court erred in giving Zink's Instruction No. 1 over objection by Baird?

2) Whether the court erred in giving Zink's Instruction No. 3 over objection by Baird?

3) Whether the court erred in granting judgment on the evidence against Hainey, which action denied Baird a fair trial, and which deprived Baird of a fair and impartial consideration of the issues by the jury.

Due to the action taken by this court in the determination of Baird's appeal, we need only address Baird's first allegation of error.

Zink's Instruction No. 1 stated:

"You are instructed that the mere fact that there was an accident and that the plaintiff-intervener, Baird Mobile Homes, Inc., may have incurred property damage, carries with it no presumption of wrongdoing on the part of the defendants."

Baird objected to the giving of this instruction on the ground that the cause of action was based on a bailment contract, and that proof of receipt of the bailed goods by the bailee in good condition and proof of their return to the bailor in a damaged condition raises an *inference* of negligence on the part of the bailee. Therefore, the giving of Instruction No. 1 was an incorrect statement of the law as applied to the case and precipitated reversible error. We agree.

It is the law in this state that in an action based upon breach of a bailment contract, a showing that the goods were received by the bailee in good condition and that they were in damaged condition when returned to the bailor, gives rise to an inference that the damage was caused through the fault or neglect of the bailee. Such an occurrence places upon the bailee the burden of producing evidence to show that the damage was caused without fault or neglect on his part. *Keenan Hotel Company v. Funk*, (1931) 93 Ind.App. 677, 177 N.E. 364. *See also Bottema v. Producers Livestock Association*, (1977) Ind.App., 366 N.E.2d 1189.

The evidence in the cause of action before us is undisputed that the damage of which Baird complains did not exist when the truck was turned over to Zink. It did occur when the truck was in Zink's possession,

and it existed when Zink redelivered the truck to Baird. Zink then offered evidence to overcome the prima facie case of negligence and fault made out by the bailor, Baird. Whether or not Zink was able to overcome the prima facie showing of fault is a question of fact for the jury. *Light v. Lend Lease Transp. Co.*, (1959) 129 Ind.App. 234, 156 N.E.2d 94.

In making their decision, the jury must be apprised of the relevant law, via instructions, in order to apply the law to the facts of the case. However, in the case at bar, the jury was instructed on the one hand that Zink's negligence or fault *could be inferred* from the fact that damage occurred to Baird's truck while Zink had possession; on the other hand, they were instructed that they could *not infer* negligence or "wrongdoing" from the damage that occurred to the truck while in Zink's possession. Either of the two instructions could have been believed and applied by the jury. However, the trial court may not, by contradictory instructions, leave the jury with the task of determining which of the two instructions to follow or what rule of law to apply. *Deckard v. Adams*, (1965) 246 Ind. 123, 203 N.E.2d 303; *Childs v. Rayburn*, (1976) Ind.App., 346 N.E.2d 655.

Since a bad instruction is not cured by the giving of a correct instruction on the same subject, *Deckard, supra*, it was prejudicial to give to the jury contradictory instructions on the presumption of fault.

Reversed and remanded for a new trial.

LOWDERMILK, P. J., and ROBERTSON, J., concur.