Iona S. LIEBNER and Joseph S. Liebner, Appellants (Plaintiffs Below),

v.

Barbara J. DOBSON, Appellee (Defendant Below).

No. 4-883A279.

Court of Appeals of Indiana, Fourth District.

Feb. 27, 1985.

Courtney B. Justice, Logansport, Louis Buddy Yosha, Kirk R. Kitzinger, Yosha & Cline, Indianapolis, for appellants.

Timothy F. Kelly, Daniel W. Glavin, Beckman, Kelly & Smith, Hammond, for appellee.

YOUNG, Judge.

Iona Liebner was seriously injured when the automobile in which she was a passenger struck a tree. She and her husband sued the driver, Barbara Dobson, for negligence. The trial court granted summary judgment in Dobson's favor, finding that the guest statute barred an action against Dobson based upon ordinary negligence. The Liebners appeal, claiming that the guest statute is inapplicable because Liebner paid for the ride or, alternatively, because the trip was for a business purpose.

We reverse and remand.

■ Summary judgment is properly granted only when there is no genuine issue of material fact and the moving party establishes that he is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). On defendant's motion for summary judgment every available inference must be resolved in favor of the plaintiff and against the defendant. *Law v. Yukon Delta, Inc.* (1984), Ind.App., 458 N.E.2d 677. Thus, even if the basic facts are not disputed, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to the inference to be drawn from those facts. *Roberts v. Chaney* (1984), Ind.App., 465

N.E.2d 1154; *Furniss v. Waters* (1971), 150 Ind.App. 566, 277 N.E.2d 48.

The question of law in issue here is the application of IND.CODE 9–3–3–1,[1] commonly known as the guest passenger statute, which provides:

> The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported *without payment therefor*, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or willful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle.

(emphasis added).

■ The statute defines a "guest" as one who is transported "without payment." That phrase has been the subject of much litigation. It is well settled that merely sharing driving expenses does not make one a paying passenger unless the money was the prime motivation for offering the ride. *Knuckles v. Elliott* (1967), 141 Ind. App. 232, 227 N.E.2d 179; *Allison v. Ely* (1960), 241 Ind. 248, 170 N.E.2d 371. Instead, there must be a clear intent on the part of the driver to receive reimbursement over and above expenses. *Knuckles, supra.* Conversely, actual payment is not required to make one a paying passenger when his presence directly compensates the driver in a material way or when the trip is primarily for business purposes. *Hainey v. Zink* (1979), 182 Ind.App. 192, 394 N.E.2d 238; *Allison, supra.*

■ Our supreme court has listed five factors to consider in distinguishing a guest from a fare-paying passenger:

1) The motives and purposes which actuate the transaction are of prime importance.

2) The motivating reasons for the invitation to ride determine the character of

**1.** The guest statute was significantly revised effective September 1, 1984, and now protects the driver from liability for negligence to his passenger only when that passenger is his parent, spouse, child or stepchild, brother, sister, or a hitchhiker. IC 9–3–3–1 (Supp.1984).

the passenger, and the purpose of the trip.

3) If the purpose of the trip is primarily for business as distinguished from pleasure or social, and the presence of the passenger in the motor vehicle directly compensates the owner or operator thereof in a substantial and material way, then the guest relationship does not exist.

4) If the trip is primarily social or for pleasure as distinguished from business, incidental benefits, even the payment of money, do not exclude the guest relationship.

5) The word "guest" has more "social" than "business" significance.

*Allison*, 241 Ind. at 262–63, 170 N.E.2d at 378–79.

Liebner claims that the application of these factors to her case demonstrates that she was a fare-paying passenger. She asserts that her payment of seven dollars was not merely an "incidental benefit" to Dobson, but was the main reason Dobson provided transportation. Furthermore, even if the payment was incidental, Liebner argues, the trip was for a business purpose since she is a professional bingo player.

■ Even if we accept the premise, however improbable, that Liebner's bingo playing was a business venture, that fact alone would not be dispositive. The trip's purpose is merely one factor to consider in deciding whether the driver offered the ride gratuitously or with the expectation of material gain. *See, e.g., Schoeff v. McIntire* (1972), 153 Ind.App. 289, 287 N.E.2d 369; *Furniss v. Waters* (1971), 150 Ind. App. 566, 277 N.E.2d 48; *Swinney v. Roler* (1943), 113 Ind.App. 367, 47 N.E.2d 846; *Frymier v. Butler* (1942), 110 Ind.App. 531, 39 N.E.2d 809. Of prime importance is the driver's motive in providing transportation. *Allison, supra.* The facts of this case raised a genuine issue as to Dobson's

motives in transporting the group. Therefore, we agree with Liebner's contention that summary judgment was improperly granted.

■ The accident in question occurred on February 25, 1982. Dobson was transporting Liebner and Marie Lange to a bingo game in Lowell, Indiana, some sixty miles from their homes in Winamac. Dobson was driving fifty-five to sixty miles an hour when she struck an icy spot in the road, lost control of the car, and hit a tree.[2] Lange was killed. Dobson suffered a cerebral concussion. Liebner sustained permanent injuries to her hip and ankle.

Liebner, Lange, Dobson and Pat Gilman often drove together to bingo games in Lowell and other communities. They travelled such distances to play bingo because the jackpots in these games ranged from five hundred to a thousand dollars each night. Liebner and Lange were both over sixty years old and disliked driving long distances. As a result, Dobson or Gilman usually drove the group to bingo games. Dobson drove most often because she had free use of various late model demonstrator cars from her father-in-law's car dealership. She did not pay mileage and had no expenses for operating these cars as they were usually filled with gas from the dealership's on-premise pump. According to Gilman, regardless of whether she or Dobson drove, each passenger was expected to pay the driver at least two dollars. On the night of the accident Lange had purchased five dollars worth of gasoline for Dobson. Liebner had agreed to pay for Dobson's admission to the game and to purchase bingo cards for her, a total of seven dollars. Dobson stated in her affidavit that she would not have transported Liebner without payment.

The trial court found these facts conclusively proved that the relationship between Liebner and Dobson was one of friends

---

**2.** Liebner does not allege, and the facts do not indicate, that Dobson was driving in a willful or wanton manner, a prerequisite for liability when the guest statute applies. Willful or wanton misconduct requires that the driver be: 1) conscious of his misconduct; 2) motivated by reckless indifference for the safety of his guests; and 3) to know his conduct subjects his guests to a probability of injury. *Keck v. Kerbs* (1979), 182 Ind.App. 530, 395 N.E.2d 845.

**1042**

sharing travelling expenses; thus Liebner was a guest. Such an inference is certainly reasonable. It is also reasonable to assume that Dobson provided the ride strictly for profit. Such an assumption is supported by the fact that although she usually had no expenses for operating her car, she nevertheless expected her passengers to pay for the ride. Dobson was then able to play bingo at no cost to her and have the chance to win as much as a thousand dollars. On this occasion, Dobson happened to have expenses because the tank was not full; however, the round trip to Lowell would have used only seven dollars worth of gasoline. Dobson received twelve dollars in value from Liebner and Lange. Most importantly, Dobson herself stated that she would not have transported Liebner without payment.

The motivating reason for the ride is of prime importance in determining whether one was a guest or a fare-paying passenger. *Allison, supra.* The facts here demonstrate a good faith dispute as to Dobson's motive for providing the ride. Therefore, summary judgment was inappropriate. *See Furniss, supra.*

We recognize that in many instances the application of the guest statute may be determined on a motion for summary judgment. In *Roberts v. Chaney, supra,* for example, the First District affirmed the trial court's summary judgment for defendant on the grounds that the plaintiff was a guest passenger as a matter of law. In that case, however, no payment was made and the accident occurred after the driver and passenger left work together and spent several hours drinking together in a tavern. When, as in the instant case, a payment has been made, the question of the passenger's status must be determined by the trier of fact.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

MILLER, P.J., and CONOVER, J., concur.