Iona S. LIEBNER and Joseph S. Liebner, Appellants (Plaintiffs Below),

v.

Barbara J. DOBSON, Appellee (Defendant Below).

No. 4–883A279.

Court of Appeals of Indiana, Fourth District.

July 3, 1985.

Courtney B. Justice, Logansport, Louis Buddy Yosha, Kirk R. Kitzinger, Yosha & Cline, Indianapolis, for appellants.

Timothy F. Kelly, Daniel W. Glavin, Beckman, Kelly and Smith, Hammond, for appellee.

ON PETITION FOR REHEARING

YOUNG, Judge.

In *Liebner v. Dobson* (1985), 474 N.E.2d 1039, we reversed summary judgment for defendant-appellee Barbara J. Dobson and remanded the cause to the trial court for further proceedings. Dobson seeks rehearing.

In our original opinion we held that when actual payment has been made to the driver in return for a ride, the question of the passenger's status for purposes of the Indiana Guest Statute is to be determined by the trier of fact. Dobson asserts that our holding contravenes ruling precedent, specifically *Allison v. Ely* (1960), 241 Ind. 248, 170 N.E.2d 371, and *Knuckles v. Elliott* (1967), 141 Ind.App. 232, 227 N.E.2d 179. These cases state that whether a payment made by a passenger was of such a character as to avoid the guest statute is a question of law to be decided by the court.

■ Certainly, guest passenger status may be determined by the court as a matter of law when all the evidence indicates the passenger and driver were merely friends sharing driving expenses. Due to the fact-sensitive nature of the question, however, summary judgment is rarely appropriate. As succinctly explained in the dissenting opinion to the court of appeals decision in *Allison* and quoted with approval in *Knuckles:*

> [U]sually the question of whether a party is a 'guest' in a motor vehicle under our 'Guest Statute' is a mixed question of law and fact because of the prohibition contained in the statute. When the controlling facts are undisputed, as in this cause now before us, and where only one reasonable inference can be drawn therefrom will lead to but one conclusion, it becomes solely a question of law. It is only where the facts are in conflict and that reasonable minds may draw different inferences therefrom that the question is one of fact for the determination of the jury.

*Knuckles*, 141 Ind.App. at 238, 227 N.E.2d at 182 (quoting *Allison v. Ely* (1959), Ind. App., 159 N.E.2d 717, 732).

■ Unlike the situations in *Allison* and *Knuckles*, the controlling facts in this case are disputed. Reasonable minds could reach opposite conclusions as to whether the parties had intended Liebner to be a guest or a fare-paying passenger. In these circumstances the trial court was required to weigh the evidence and assess credibility, both of which are forbidden in summary judgment proceedings. Thus, it was error for the court to grant summary judgment in this case.

Dobson also claims our opinion failed to address an issue which could have provided an alternate basis for affirming summary judgment in her favor. The issue involved the trial court's statement that if the trip was for the business purpose of playing high stakes bingo, a form of gambling, public policy would prohibit the court's from allowing Liebner to reap benefits from her illegal activity.

■ As we stated in our original opinion, the purpose of the trip is just one factor to consider in applying the guest statute. Guest passenger status primarily depends upon the relationship between the parties and the type of traveling arrangements made. The trip's purpose merely helps illuminate what these arrangements might have been and whether the driver was motivated to provide transportation primarily by goodwill or by expectation of material gain. The fact that the parties were traveling to what might be considered an illegal activity—playing bingo for money—has no bearing on the issue of negligence and even less a connection to any public policy against promoting gambling. Public policy would be better served by requiring all drivers, including professional bingo players, to drive in a careful, responsible manner.

Dobson's petition for rehearing is denied.

MILLER, P.J., and CONOVER, J., concur.