## TRAYLOR BROS., INC. v. ALFORD.

[No. 20,270. Filed October 19, 1967. Petition for rehearing denied December 7, 1967. Petition for transfer denied February 21, 1968.]

*Early & Arnold,* of Evansville, for appellant.

*Jack E. Hayes* and *Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

CARSON, P. J.—This is an appeal from the Superior Court of Vanderburgh County, the honorable Benjamin E. Buente, Judge.

The issues were formed by the appellee's complaint in five paragraphs, the appellant's answer in two paragraphs, the second paragraph containing also a counterclaim, and the

appellee's answer and reply to the defendant's second paragraph of answer and counterclaim, the appellant then filed an amended second paragraph of answer and counterclaim to which the appellee filed answer and reply.

Each paragraph of the plaintiff-appellee's complaint related to a different highway project or contract. The appellant-defendant below was the general contractor with the State of Indiana on the various projects and appellee-plaintiff below was a subcontractor under a written contract.

The issues as condensed by the appellant in appellant's brief are as follows:

Paragraph I.

"This related to the highway project near Spencer, Indiana. There was a claim for work performed under the written contract and for extra work done at the special instance and request of the Appellant. The ad damnum was $9,756.46.

Paragraph II.

"This was the highway project near Aurora, Indiana. In it there was a claim for work done under the contract with the Appellant, together with a claim for extra work performed at the special instance and request of the Appellant. The ad damnum was in the amount of $21,988.55.

Paragraph III.

"This related to the highway project near Crothersville, Indiana. In it the Appellee claimed damages for work performed under the written contract, together with extra work performed at the special instance and request of the Appellant. The ad damnum was in the amount of $11,077.89.

Paragraph IV.

"This related to the highway project near Seymour, Indiana. In it the Appellee claimed damages for work performed under the terms of the contract, together with extra work performed at the special instance and request of the Appellant. Such damages were claimed to be in the amount of $11,093.00. In addition the Appellee claimed that he was prevented from completing his subcontract work by the failure of the Appellant to prepare the terrain by bringing it to grade level and failing to acknowledge indebtedness

to the Appellee for extra work and labor furnished the Appellant by Appellee; the Appellee claimed that he had been damaged in the sum of $13,000.00 by reason of the Appellant thus preventing him from completing his contract. The total ad damnum in this paragraph was $24,093.00.

Paragraph V.

"This is in connection with the highway project near Milltown, Indiana. In it the Appellee claimed damages for work performed under the terms of the contract, together with extra work performed at the special instance and request of the Appellant. Such damages were claimed to be in the amount of $37,584.01. In addition the Appellee claimed that he was prevented from completing his subcontract work by the failure of the Appellant to prepare the terrain by bringing it to grade level and failing to acknowledge to the Appellee for extra work and labor furnished the Appellant by Appellee; the Appellee claimed that he had been damaged in the sum of $5,000.00 by reason of the Appellant thus preventing him from completing his contract. The total ad damnum in this paragraph was $42,584.01. The total ad damnum of the complaint was $109,499.91.

"The affirmative answers filed by the Appellant alleged that the extra work alleged to have been performed by the Appellee in his complaint was actually work which he was required to perform under the terms of his subcontract and that the Appellee had been fully paid for his work.

"The counterclaims filed by the Appellant claimed that the Appellant was due money for loss of profits because the Appellee did not complete his subcontract as to the Seymour and Milltown highway projects (these were the projects covered by Paragraphs IV and V of the Appellee's Complaint). The Appellant also filed Paragraphs of Counterclaim based on the payment of salaries by the Appellant on behalf of the Appellee, based on the payment of suppliers of materials by the Appellant on behalf of Appellee, and based on agreements whereby the Appellant promised to pay, on behalf of Appellee, suppliers of materials to the Appellee.

"The entire ad damnum of the counterclaims, as amended, was $35,581.45."

Upon motion of the plaintiff-appellee, the court directed a verdict as to that part of the appellant's counterclaim which

related to an agreement in writing whereby appellant promised to pay a supplier of material on behalf of the plaintiff-appellee.

All the other issues raised by the complaint and counter-claims were submitted to jury for determination. The jury was furnished twelve forms of verdict, five of which related to the five paragraphs of complaint and seven of which related to the seven paragraphs of counterclaim. The jury returned a verdict under which the plaintiff-appellee was awarded the full damages claimed as to each paragraph of the complaint, and found for the appellee as to certain paragraphs of the appellant's counterclaim and awarded damages to the appellant as to certain other paragraphs of the counter-claim. The net result was that the jury awarded plaintiff-appellee $109,499.91 on the complaint and awarded the defendant-appellant $14,101.78 on the defendant-appellant's counterclaims. Consistent judgment was entered by the court on the jury's verdict.

After the filing of motions for new trials by both the appellant and the appellee, the court overruled the appellant's motion for a new trial, but because the court considered the jury's verdict on Paragraph V of appellee's complaint to be excessive, the court indicated it would sustain the appellant's motion for a new trial unless the appellee would agree to a remittitur of $3,586.20. This was accepted by the appellee and the court then overruled the appellant's motion for a new trial and reduced the judgment making the net judgment in favor of the plaintiff-appellee against the defendant-appellant in the amount of $105,913.71.

From a careful examination of the appellant's brief, it appears that the appellant has waived twenty-one of the specifications of error set out in his motion for a new trial by his failure to support those specifications by argument and citation of authorities in his brief.

The eleven (11) specifications remaining which the appellant does attempt to present to the court by argument and citation of authorities are as follows:

"6. The verdict of the jury, on, and as to paragraph I of the plaintiff's complaint is contrary to law."

"7. The verdict of the jury on, and as to, paragraph II of the plaintiff's complaint is contrary to law."

"8. The verdict of the jury on, and as to, paragraph III of the plaintiff's complaint is contrary to law."

"9. The verdict of the jury on, and as to, paragraph IV of the plaintiff's complaint is contrary to law."

"10. The verdict of the jury on, and as to, paragraph V of the plaintiff's complaint is contrary to law."

"11. The damages assessed by the jury as to paragraph I, II, III, IV, and V of the plaintiff's complaint are excessive."

"12. The assessment of the amount of recovery as to paragraphs I, II, III, IV, and V of the plaintiff's complaint is erroneous, being too large."

"13. The court erred in submitting to the jury, at the request of the plaintiff, the plaintiff's tendered interrogatories numbered by the court 1, 4, 7, 10, 11, 14, 17 20, 23, 24, 25, 26, 29, 32, 33, 36, 38, 40, 42, 44, 46, and 48, and that the court erred in submitting each of such interrogatories, separately and severally, and the defendant at the time objected to the submitting of each."

"14. The Court erred in denying the motion of the defendant that the Court strike out and reject the interrogatories tendered by the plaintiff and renumbered by the Court 1, 4, 7, 10, 11, 14, 17, 20, 23, 24, 25, 26, 29, 32, 33, 36, 38, 40, 42, 44, 46, and 48."

"15. The Court erred in overruling the objection of the defendant to the submitting to the jury of each of the interrogatories were renumbered by the Court 1, 4, 7, 10, 11, 14, 17, 20, 23, 24, 25, 26, 29, 32, 33, 36, 38, 40, 42, 44, 46, and 48."

"31. The Court erred in overruling the defendant's motion and request that the Court instruct the jury to disregard the comments of plaintiff's counsel Hayes, such comments being to the effect that Ferris E. Traylor is out for the dollar and that is all he is out for, such comments occurring during final argument."

Specifications 6 through 12 inclusive, do not require consideration by us in this opinion unless we concur in the appellant's position set out in specifications 13 through 15 with respect to the interrogatories tendered by the plaintiff and submitted to the jury by the court.

At this point, we conclude that the argument portion of appellant's brief in support of specifications 13 through 15, states conclusions with which we do not agree. The ■ authorities cited by the appellant apply to the appellant's conclusions and reasons but in our opinion do not apply to the facts in the case before us. The burden rests upon appellant to convince us by cogent argument and the application of authorities, that specified error of the trial court was harmful to appellant's case and, therefore, constituted reversible error. From a careful examination of appellant's argument and authorities, we do not feel that appellant has sustained this burden.

The last proposition which the specifications of the appellant wish us to consider is No. 31. The question of whether or not conduct of counsel was so improper as to prejudice the fair conduct of the trial is within the sound discretion of the trial court. In the case of *Ferrara et ux.* v. *Genduso et al.* (1940), 216 Ind. 346, at page 348; 24 N. E. 2d 692, our Supreme Court said:

"The presumption in favor of correct action on the part of a trial court is one of the strongest presumptions ■ applicable to the consideration of a cause on appeal."

We also call attention to the language of Justice Flanagan in the case of *King* v. *Ransburg* (1942), 111 Ind. App. 523, at page 532; 39 N. E. 2d 822:

"It is to be remembered that attorneys are officers of the court wherein they are engaged in representing their clients

and their conduct is at all times subject to the supervision of that court. The judge of that court sits in the presence of the happenings there. He observes what occurs and its effect upon the jurors. Courts of review do not have such advantage. Isolated scenes tend to take on an importance entirely out of proportion to their place in the whole drama when first seen by a stranger, recorded in the cold print of the review record away from the warm atmosphere of the trial arena. So we have the sound rule that the decision of the trial court on matters of alleged misconduct of counsel will not be disturbed unless it appears that the trial court has abused its discretion and the complaining party has been harmed thereby."

From our review of this case, we conclude that the case was fully and fairly tried and that the jury arrived at a correct verdict and the judgment of the court should be affirmed.

Judgment affirmed.

Prime, J., concurs in result only.

Cooper, Faulconer, JJ., concur.

### PETITION FOR REHEARING

CARSON, C. J.—The court has examined the appellant's petition for rehearing in the above-captioned cause.

Nothing additional has been presented in this petition above what was presented by the appellant's brief and argument in the original presentation of the cause. The appellant does, however, charge the court with failure to dispose of certain specifications of error contained in his motion for a new trial. We point out at this stage of the proceedings that our failure to comment on a given specification does not mean that that specification was not considered. The specifications 6 through 15 all presented the same general related propositions of law. By our disposition of specifications 13 through 15 we were in effect disposing of the other specifications 6 through 12. However, to answer the appellant's petition for rehearing, we point

out that we have considered those specifications and in our opinion they do not present reversible error.

The petition for rehearing is denied.

Cooper, Faulconer, Prime, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 336; Rehearing Opinion reported in 231 N. E. 2d 284.