ESTATE OF BENJAMIN AZIMOW, A/K/A BEN AZIMOW, DECEASED *v.* AZIMOW.

[No. 20, 590. Filed October 23, 1967. No petition for rehearing filed.]

*Paul E. Schrenker* and *Schrenker & Anderson,* both of Anderson, for appellant.

*Scott & Shine* and *John E. Scott,* of counsel, both of Anderson, for appellee.

SMITH, J.—This appeal comes to us from the Superior Court of Madison County, Alva Cox, Special Judge, presiding. The case was tried without the intervention of a jury, and was instituted by the plaintiff-claimant against the estate of her father, Benjamin Azimow, for the payment of three promissory notes executed by said decedent to the plaintiff. The three notes have a total face value of $14,000.00

In defense of such claim, the defendant estates claims that two of the notes were personally paid by the decedent during his lifetime. Following the submission of all of the evidence, the court found that all three notes were due and not paid. Upon such finding, the court ordered the payment of the claim of Maxine Azimow in the amount of the face value of the notes, plus interest, attorney fees and costs. The estate filed a motion for a new trial, which was overruled, and such is now assigned as error.

The appellant-estate specifically claims in the motion for a new trial that the trial court erred in sustaining the appellee's objection to the following questions propounded by the appellant during the cross-examination of the claimant:

"In the year 1956 prior to June or July 20, 1956, what income did you receive from any employment or any income from any source whatsoever?

"Where did you get the $5,000 that you deposited in the Merchants National Bank and Trust Company at Muncie, Indiana in your savings account under the name of Miss Maxine E. Azimow, Account No. 13091 on July 20, 1956?"

The appellee-claimant objected to the above questions on the ground that the answers sought were not relevant.

As previously stated, the appellee's claim is based upon three promissory notes held by her and made payable to her by the decedent, Benjamin Azimow. The appellee testified that the notes were due and unpaid. Even upon cross-examination, we fail to see what relevancy to the issue of payment the questions concerning the appellee's income in 1956 and the source

of a bank deposit made on July 20, 1956 would have. The appellee's objections were properly sustained.

To be material, evidence sought by a question must tend to prove or disprove a fact which relates to an issue in the lawsuit. *McKee et al.* v. *Hasler et al.*, 229 Ind. 437, 469; 98 N. E. 2d 657 (1951) ; McCormick, *Handbook of the Law of Evidence,* § 152 (1954). Whereas materiality deals with the relationship between the issues of the case and the fact which the evidence tends to prove, relevancy deals with the requirement that the evidence must logically tend to prove a material fact. *Hancock Truck Lines* v. *Butcher,* 229 Ind. 36, 43 ; 94 N. E. 2d 537 (1950).

The facts which the appellant sought to prove or elicit from the appellee upon cross-examination were not material to the issue of this case. The issue was whether or not Benjamin Azimow had paid the amount due under the notes held by the appellee before his death. The appellee's income for the year 1956 or the source of a $5,000.00 deposit to her savings account in 1956 could not tend to prove or disprove the issue of the appellant's liability for the amount of the promissory notes held by the appellee.

The trial court did not commit reversible error by sustaining the appellee's objections to the questions asked by the appellant during the cross-examination of the appellee, Maxine Azimow.

Judgment affirmed.

Pfaff, C. J., and Bierly and Cook, JJ. concur.

NOTE.—Reported in 230 N. E. 2d 450.