JUDITH L. WELLS *v.* GIBSON COAL COMPANY.

[No. 1-1275A212. Filed August 26, 1976.]

*Wallace, Campbell, Bunch and Shambach,* of Covington, for appellant.

*Dix, Patrick, Ratcliffe and Adamson,* of Terre Haute, *McFaddin & McFaddin,* of Rockville, for appellee.

LYBROOK, J.—Plaintiff-appellant, Wells, appeals from the negative judgment in her negligence action for damages arising out of a vehicle-truck collision with the driver-agent of defendant, Gibson Coal Company. Plaintiff submits two issues for review.

(1) Did the trial court commit reversible error when it admitted into evidence the deposition of a non-party witness without a showing that the person was unable to appear?

(2) Did the Court erroneously give an instruction on sudden emergency which was a misstatement of the law?

The evidence most favorable to the judgment as it relates to these particular issues is: At the conclusion of the plaintiff's evidence, the defendant presented its only evidence, a deposi-

tion of Duane Thomas, the driver involved in the accident. Plaintiff objected to the admission of the deposition, arguing that there was no evidence indicating that the witness was unable to personally testify at trial.

The trial judge conferred with both counsel in the absence of the jury and upon resumption of the trial, the deposition was admitted into evidence without further objection of plaintiff.

At the conclusion of the trial, the court gave defendant's tendered instruction on sudden emergency. Plaintiff objected to this instruction as a misstatement of the law of sudden emergency.

Following the verdict and judgment in favor of defendant, plaintiff timely filed her motion to correct errors which was overruled.

## I

Plaintiff first contends that the trial court erred when it allowed a witness's deposition to be read into evidence when the defendant failed to prove that the witness was not available for trial. Plaintiff's objection was:

[Plaintiff's Counsel]: "Now, your Honor, at this time the state of the record is that Duane Thomas is a resident of Montezuma, Indiana. Now, if there can be some showing here that they can't get Duane Thomas here and he's on vacation or out of state, in a hospital, we'll certainly be glad to cooperate and let the deposition be read, but this man is their man, their employee, Judge, and I think we're entitled to some explanation as to why he isn't here in this court to testify to this jury."

[Defendant's Counsel]: "I would suggest to the Judge the physical complaints set out on page 3 in connection with the questions of Mr. Dowd and also the physical complaints that he mentions on page 16 as he related to Mr. Dowd when we took his deposition. This is not an employee of the company at this time."

[Plaintiff's Counsel]: "Yes, but they've admitted that they're bound by his acts, Judge. He's their agent and in

Trial Rule 31, if they'll show us why they can't get him here and tell these people—"[1] (interrupted).

The Court: "I appreciate that. Let's take a short recess while we determine some legal matters."

The Indiana Rules of Procedure, Trial Rule 32(A)(3) states:

"The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

\* \* \*

(c) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or"

\* \* \*

A case which dealt with this particular trial rule is, *Schoeff* v. *McIntire* (1972), 153 Ind. App. 289, 287 N.E.2d 369, wherein defendant objected to the use of plaintiff's deposition taken by the defendant because there was an inadequate showing that the plaintiff was unable to attend. There was testimony of the plaintiff's physician that he advised her to remain at home because of her special medical condition. Based on these findings, this court concluded the record was sufficient to justify the trial court in finding that the witness was unable to attend for reasons of sickness and infirmity. Further, the court found:

"Such a finding was implicit in the trial court's admission of said deposition and is not reversible error." 287 N.E.2d 369 at 374.

In short, this court has apparently established a discretionary standard for this particular trial rule.

For this court to find an abuse of discretion or reversible error, it is first necessary that prejudice be shown by the appellant. *Jessop* v. *Werner Transportation Co.* (1970), 147 Ind. App. 408, 261 N.E.2d 598. If the appellant is able to show prejudice, it is then his burden to prove that the error of judgment was clearly against the logic

---

1. TR. 31 pertains to written questions submitted to a witness.

and the natural inferences to be drawn therefrom. *Dunbar v. Dunbar et al.* (1969), 145 Ind. App. 479, 251 N.E.2d 468.

In the case at bar the deposition itself contains explicit statements emphasizing this particular witness' inability to attend. This court does not believe that evidence to support the court's determination must be presented outside of the deposition where sufficient explanation is contained within the deposition. Although in *Schoeff, supra,* a doctor corroborated the plaintiff's statements that she was unable to attend, this court reminded the appellants that the trial court's determination of admissibility was impliedly a finding that there was sickness or infirmity. Therefore, it is necessary to establish an abuse of discretion to demonstrate reversible error, which the appellants in *Schoeff* and appellant in this case failed to do.

## II.

Plaintiff next contends that the trial court erred when it gave defendant's tendered instruction on sudden emergency. Plaintiff argues that the instruction was a misstatement of the law of sudden emergency.

Each party is entitled to have his theory of the issues presented to the jury by his instructions, *Indianapolis Horse Patrol, Inc.* v. *Ward* (1966), 247 Ind. 519, 217 N.E.2d 626, provided that the instructions are proper interpretations of the law and are supported by the evidence. *Rieth-Riley Construction Company, Inc.* v. *McCarrell* (1975), 163 Ind. App. 613, 325 N.E.2d 844.

The doctrine of sudden emergency is defined in 57 AM. JUR.2d, Negligence, § 91 as:

"The emergency rule is an application of the prudent man rule, and the sound view appears to be that one who, through no fault of his own, is confronted with a sudden peril and does things which afterward may seem to have been improper or foolish, is not negligent, if he does what a prudent man would or might do under the circumstances."

Further, it is stated in § 93 that:

"The rule that when one faced with sudden peril is compelled to act instinctively, he is not held to the exercise of the same degree of care as if he had time for reflection, cannot be invoked by one who has brought the emergency upon himself by his own wrong, or one who has not used due care to avoid it. . . ."

Thus, it can be seen that the standard of care is specifically adapted to the circumstances of emergency and non fault of the person invoking the doctrine.

This analysis is in harmony with the three elements which the Indiana cases have required to invoke the doctrine of sudden emergency. In *Taylor* v. *Fitzpatrick* (1956), 235 Ind. 238, 132 N.E.2d 919, at 924, these elements were listed as:

"(1) That the appearance of danger or peril was so imminent that he had no time for deliberation; (Citations omitted).

(2) That the situation relied upon to excuse any failure to exercise legal care was not created by his own negligence; (Citations omitted).

(3) That his conduct under the circumstances was such as the law requires of an ordinarily prudent man under like or similar circumstances." (Citations omitted). *See also: Bundy* v. *Ambulance Indianapolis Dispatch, Inc.* (1973), 158 Ind. App. 99, 301 N.E.2d 791; *Moore* v. *Funk* (1973), 155 Ind. App. 545, 293 N.E.2d 534.

In the case at bar, the instruction requested by the defendant and given by the court directed the jury to do three things. First, it directed the jury's attention to plaintiff's previous instruction on sudden emergency and that instruction's directive that the plaintiff must have no time for deliberation. Secondly, the phrase "prior to" referred to the element that plaintiff must not have brought the emergency upon herself. Thirdly, the instruction required that the jury examine plaintiff's conduct under the circumstances of the emergency. Compared to the standards established in *Taylor, supra,* it must

be determined that this instruction was not a misstatement of the law of sudden emergency.

The plaintiff-appellant having failed to demonstrate reversible error the judgment is affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 352 N.E.2d 838.