EMERY COOPER *v.* INDIANA GAS AND WATER COMPANY ET AL.

[No. 1-976A154. Filed May 3, 1977.]

*Ira B. Zinman,* of Bloomington, for appellant.

*William V. Hutchens, Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellees.

LOWDERMILK, J.—Plaintiff-appellant, Emery Cooper (Cooper), appeals following a jury trial from a negative judgment in favor of defendant-appellee, Indiana Gas and Water Company, et al. (Company), raising the following issue for our review:

1. Whether the trial court committed reversible error by admitting into evidence three non-party depositions without a finding that such were permitted by Ind. Rules of Procedure, Trial Rule 32(A)(3).

The facts necessary for our disposition of this appeal are as follows: On June 21, 1961, Cooper suffered personal injuries as a result of a natural gas explosion at the Lehigh Portland Cement Company in Mitchell, Indiana. The essence of Cooper's complaint was that Company was negligent in failing to properly odorize its natural gas at the Lehigh Company on June 21, 1961, so as to adequately warn people of its presence. Cooper sought to establish that the natural gas was not properly odorized through the testimony of several witnesses and one deposition. The Company then attempted to rebut this evidence and prove that the natural gas was properly odorized through the testimony of James Hensinger and the three disputed depositions of Eugene Frazier, Jane Frazier and Donna Dalton.

TR. 32(A)(3) provides that:

"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

    (a) that the witness is dead; or

    (b) that the witness is outside the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or

(c) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or

(d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

(e) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; or

(f) upon agreement of the parties."

While the depositions were being taken the witnesses stated their reasons for not being able to attend the trial. Eugene Frazier testified that he was the sole proprietor of his business and it would be impossible for him to obtain an adequate part-time replacement. Jane Frazier testified that she had to babysit for her grandchild and she would be unable to get another babysitter. Donna Dalton testified that she would either be at home caring for her sick mother, or if her condition permitted, would probably be out of state on her vacation.

It is clear to this court that the depositions could only have been admitted into evidence pursuant to TR. 32(A)(3)(e). It is the opinion of this court that whether such "exceptional circumstances" exist so as to justify admitting a deposition into evidence pursuant to TR. 32(A)(3)(e) is properly left to the sound discretion of the trial court and reversible error can only be predicated upon a showing that the trial court has abused its discretion. *Wells* v. *Gibson Coal Co.* (1976), 170 Ind. App. 445, 352 N.E.2d 838, 841; *City of Bloomington* v. *Chuckney* (1975), 165 Ind. App. 177, 331 N.E.2d 780, 784. Furthermore, it is settled that the reasons for a witness's inability to attend the trial need not be presented to the trial court outside of the deposition itself. *Wells* v. *Gibson, supra,* at 841.

After our review of the record it is the opinion of this court that the trial court did not abuse its discretion in admitting into evidence the disputed depositions.

Also, it should be noted that Cooper appeals from a negative judgment. Therefore, the judgment of the trial court will be reversed only if the evidence is without conflict and leads to but one conclusion and the trial court has reached an opposite conclusion. *State* v. *Boyle* (1976), 168 Ind. App. 643, 344 N.E.2d 302, 304; *House* v. *Lesow* (1975), 167 Ind. App. 449, 339 N.E.2d 86, 92.

We have previously stated that James Hensinger testified that he smelled gas prior to the explosion. This testimony was independent of the disputed depositions. Cooper contends that this testimony is not worthy of belief because Hensinger was an employee of the Lehigh Company. It is well settled that on appeals from negative judgments this court will not weigh the evidence or judge the credibility of witnesses. *State* v. *Boyle, supra,* at 304.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 362 N.E.2d 191.