PAMELA ROSE RICHARDSON *v.* MICHAEL J. BROWN AND HALL CHEMICAL CO.

[No. 1-277A21. Filed May 5, 1977. Rehearing denied June 8, 1977. Transfer denied March 8, 1979.]

*Buena Chaney, Mann, Chaney, Johnson, Hicks & Goodwin,* of Terre Haute, *Harding and Henthorn,* of Crawfordsville, *Malcolm H. Aukerman,* of Newport, for appellant.

*Don P. Campbell, Wallace, Campbell, Bunch & Shambach,* of Covinton, *Conrad G. Harvey,* of Crawfordsville, for appellees.

LYBROOK, J.—Plaintiff-appellant, Pamela Rose Richardson, brings this appeal following a jury verdict and judgment in favor of defendant-appellees, Michael J. Brown and Hall Chemical Co.

The facts most relevant to this appeal indicate that Richardson was injured when she was struck by defendants' truck. The plaintiff was riding a bicycle and collided with the truck at the intersection of two alleys in the town of Dana. At the time Richardson was eleven years old.

A complaint was filed in Richardson's name alone against both defendants on September 11, 1975, in the Vermillion Circuit Court. The defendants moved for a change of venue and the Montgomery Circuit Court was selected. The pretrial litigation proceeded normally and trial was set for October 4, 1976. On Friday, October 1, 1976, the Clinton State Bank was appointed Guardian of the Estate of Richardson and Letters of Guardianship were issued by the Vermillion Circuit Court.

On October 4, 1976, the morning of the trial, the plaintiff filed a motion to substitute her Guardian as plaintiff. The motion was denied. On the second day of trial the plaintiff offered the Letters of Guardianship into evidence and they were refused.

At the close of plaintiff's case the court directed a verdict in favor of defendant, Hall Chemical Co. Following the de-

fendant's case, the jury returned a verdict in favor of the remaining defendant, Michael J. Brown.

Richardson presents the following issues for our review:

(1) Did the trial court commit reversible error by refusing to permit the substitution of a guardian for an incompetent minor?

(2) Did the trial court commit reversible error by rejecting the offered Letters of Guardianship?

## I.

It is appellant's contention that prejudicial error was committed when the trial court refused to allow the substitution of the Guardian for her on the morning of the trial. Ind. Rules of Procedure, Trial Rule 17C lends considerable support to her allegation of error. TR. 17C, in pertinent part reads as follows:

"(C) Infants or incompetent persons—Unborn, unknown, and unlocated persons. An infant or incompetent person may sue or be sued in any action

(1) in his own name,

(2) in his own name by a guardian ad litem or next friend,

(3) in the name of his representative, if the representative is a court-appointed general guardian, committee, conservator, guardian of the estate or other like fiduciary.

The court, upon its own motion or upon the motion of any party, must notify and allow the representative named in subsection (3) of this subdivision, if he is known, to represent an infant or incompetent person, and be joined as an additional party in his representative capacity. If an infant or incompetent person is not represented, or is not adequately represented, the court shall appoint a guardian ad litem for him."

Beyond question the trial court failed to adhere to the mandatory requirement of allowance of substitution when the guardian attempted to become a party. The above trial rule leaves no latitude for a trial court to exercise any discretion in permitting representation of an incompetent by a guardian.

In light of the partcular nature of the proceedings in the case at bar, and the fact that a trial on the merits occurred, we deem it necessary to consider the above error in conjunction with the policy expressed in TR. 61, which reads as follows:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

It is well established in Indiana that the appellant has the burden of proving that error occurred at trial. But that alone is insufficient to justify reversal. The appellant must also demonstrate that the shown error was prejudicial and harmed her case. *Traylor Bros., Inc.* v. *Alford* (1967), 142 Ind. App. 294, 230 N.E.2d 336; *Wells* v. *Gibson Coal Co.* (1976), 170 Ind. App. 445, 352 N.E.2d 838.

While we agree that the trial court erred in refusing substitution, we feel that Richardson has failed to demonstrate any prejudice which resulted therefrom and we therefore may not reverse. *Wells, supra; Jessop* v. *Werner Transportation Co.* (1970), 147 Ind. App. 408, 261 N.E.2d 598. Appellant asserts that failure to allow substitution permitted the jury to believe that the minor would be free to spend the money at her whim or that her attorneys would receive the money and deprive her of its benefit. This is sheer speculation and will not meet the requirements for showing prejudice. As an additional attempt to indicate prejudice appellant contends that as an incompetent she would "not have the legal capacity to employ counsel,

engage expert witnesses, direct the taking of depositions, assist counsel in trial strategy, or join in negotiations of compromise and settlement." Appellant has failed to demonstrate that any of the above occurred, but merely speculates that they may occur. Speculation as to prejudice is not sufficient for reversal. We also note that a guardian could perform any of the above listed functions for his ward even though he was not a party of record to the litigation. We therefore hold that although error was committed when the substitution of parties was refused, that no prejudice was shown and the error was therefore harmless.

## II.

Richardson's second allegation contends that error was committed when the trial court refused to admit the Letters of Guardianship into evidence. That exclusion will not require reversal for two separate reasons. Initially, our resolution of Issue I can equally be applied to this alleged error. Secondly, the jury was being asked to determine liability and potential damages if liability was upon the defendant. Letters of Guardianship would be neither relevant nor material to the determination of the issues and the trial court thus properly denied its admission into evidence. *Estate of Azimow, etc.* v. *Azimow* (1967), 141 Ind. App. 529, 230 N.E. 2d 450.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 362 N.E.2d 197.