Gerald PRIESTLEY, a/k/a Mick Priestley, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–1282A336.

Court of Appeals of Indiana, Third District.

July 18, 1983.

Fredrick J. Hartz, Hartz & Eberhard, La-Grange, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Gerald Priestley, a/k/a Mick Priestley, was found guilty by a jury of dealing in a schedule I controlled substance, a class B felony, and possession of a schedule I controlled substance, a class D felony. He was sentenced to the Indiana Department of Corrections for a period of twelve years, with five years suspended, for the class B felony, and a concurrent period of four years for the class D felony.

In appealing his conviction, Priestley presents the following issues for review:

(1) whether the sentence imposed by the trial court was excessive;

(2) whether there was sufficient evidence to support the conviction; and

(3) whether the trial court erred in giving its Final Instructions Nos. 2 and 3.

Priestley contends that the trial court should have considered more mitigating circumstances pursuant to Ind.Code § 35-4.1-4-7 (Burns 1979 Repl.) and that the aggravating circumstances listed by the trial court were insufficient for the additional two years placed on the sentence. It should be noted at this point that it is within the trial court's authority to determine the weight to be given in each case to the aggravating and mitigating circumstances discerned and to increase or decrease the sentence accordingly as provided by statute. *Abercrombie v. State* (1982), Ind., 441 N.E.2d 442.

This Court's standard of review states that we will not adjust a sentence which is authorized by statute and which is not manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable if any reasonable person could find the sentence to be appropriate. *Johnson v. State* (1982), Ind., 432 N.E.2d 403. A sentence will not be set aside merely because it may seem severe. *Jones v. State* (1981), Ind., 422 N.E.2d 1197.

The trial court here found as mitigating factors that this was Priestley's first felony conviction and that he had an exemplary Marine Corps record. As a result, the trial court suspended five years of the sentence for the class B felony. Under Ind. Code § 35–4.1–4–7, the statute governing criteria for sentencing, the finding of mitigating factors is discretionary with the trial court. *Cornelius v. State* (1981), Ind., 425 N.E.2d 616. Priestley's assertion that the trial court in this instance should have found more mitigating circumstances does not demonstrate an abuse of discretion by the trial court.

The trial court listed three aggravating circumstances in pronouncing Priestley's sentence: a prior drug sale to a minor; the rating of the offense and offender on the Ohio Bar Foundation scale; and the community values on the distribution of controlled substances. While the latter two circumstances are not within our statute, the prior drug sale to a minor is a sufficient reason to enhance the basic sentence. Having a history of criminal activity is one of the factors listed as an aggravating circumstance in Ind.Code § 35–4.1–4–7. This is sufficient. *Rowley v. State* (1979), 271 Ind. 584, 394 N.E.2d 928. The overall sentence of seven years is not manifestly unreasonable and need not be adjusted by this Court.

Priestley's argument regarding the sufficiency of the evidence is no more than an assertion that the jury, and now this Court, should believe the testimony of him and his wife rather than the testimony of David Tucker, who was also present during the sale. While Priestley admitted possession of the LSD, he and his wife both testified that Tucker sold the tablets to them. Tucker, who purchased the LSD for an undercover Indiana State Trooper, Robyn Wiley, and who testified as part of a plea bargain, stated that Priestley sold the tablets to him and he turned them over to Wiley. Only Priestley, Mrs. Priestley, and Tucker were present during the transaction, as Wiley waited outside. Such conflicts in evidence are to be resolved by the jury and it can believe whomever it wishes. *McCraney v. State* (1983), Ind., 447 N.E.2d 589.

When this Court is confronted with a challenge to the sufficiency of the evidence, it is not its prerogative to weigh the evidence or judge the credibility of the witnesses. As an appellate tribunal, it must examine the evidence most favorable to the fact finder's conclusion, together with reasonable inferences which may be drawn therefrom, and if, from that viewpoint, there is substantial evidence to sustain the defendant's conviction, it will not be disturbed. *Washington v. State* (1982), Ind., 441 N.E.2d 1355. Tucker's testimony, which the jury chose to believe, in this instance was sufficient to support Priestley's conviction.

Finally, Priestley alleges the trial court erred in the giving of two of its final instructions because they did not include the entire statutes [1] upon which they were based and the trial court went on to paraphrase the statutes. The portions of the statutes left out by the trial court had to do with delivery to a person under 18 years of age or at least 3 years his junior, and lack of possession of a prescription.

An instruction is proper only if there is some evidence of probative value to support it. *Murphy v. State* (1980), Ind.App., 414 N.E.2d 322. In fact, it is error to give an instruction upon an issue if there is no evidence to support it. *Adcock v. State* (1981), Ind.App., 421 N.E.2d 723. There was no evidence in this case to support the

---

1. Ind.Code § 35–48–4–2 and Ind.Code § 35– 48–4–7 (Burns 1979 Repl.).

inclusion of those portions of the statutes in the trial court's instruction.

■ Furthermore, it is well settled that any alleged errors concerning a trial court's instruction are waived when the defendant does not tender his own instruction where the trial court has not instructed as fully as the defendant believes is necessary. *Clemons v. State* (1981), Ind., 424 N.E.2d 113. The record discloses no such instruction being tendered by Priestley. In fact the record also fails to show any grounds for Priestley's objection to the instructions, but merely discloses the trial court's entry that objections were made.[2] It is the obligation of the appellant to provide a record sufficient to permit consideration of the claimed error. *Kranda v. Houser-Norborg Medical Corp.* (1981), Ind.App., 419 N.E.2d 1024.

Priestley also makes the bald assertion that he was prejudiced by the trial court paraphrasing the statutes in the instructions, yet does not explain how he was prejudiced. The appellant not only has the burden of proving that error occurred, but also that the error was prejudicial. *Richardson v. Brown et al.* (1977), 173 Ind.App. 50, 362 N.E.2d 197.

Having found no reversible error, Priestley's conviction and sentence are affirmed.

Affirmed.

STATON and GARRARD, JJ., concur.