**Jeffrey S. JOHNSON, Plaintiff-Appellant,**

v.

**Taylor W. LEE and Lillian M. Jacobs, Defendants-Appellees.**

No. 3–485A107.

Court of Appeals of Indiana, Third District.

Nov. 25, 1985.

David J. Avery, Fort Wayne, for plaintiff-appellant.

Ronald J. Ehinger, Barrett, Barrett & McNagny, Fort Wayne, for defendants-appellees.

HOFFMAN, Judge.

Appellant Jeffrey S. Johnson filed his complaint against appellees Taylor W. Lee and Lillian M. Jacobs as a result of injuries he sustained while riding as a passenger in a car owned and operated by Lee. Prior to trial, appellees filed their motion for summary judgment which was granted by the trial court. Johnson appeals from that judgment. The facts relevant to this appeal are as follows.

Johnson was a member of a church choir group from Michigan, on tour in Indiana, Michigan and Ohio. On August 9, 1981, the choir performed at the appellees' church in Decatur, Indiana. After the performance, the church sponsored a dinner for the choir members. Prior to dinner, Johnson was informed by Jacobs, Lee's mother, that he would be spending the night with them, but as they were leaving the church at that time, Johnson was to ride to their home in the car which was owned and operated by Lee. After dinner, Johnson and two other members of the choir, who were also going to spend the night with Lee's family, gathered their luggage and proceeded to Lee's car, which they entered for the ride home.

In the opinion of Johnson and his friend, Eric Hine, Lee was attempting to "show off" as he drove. He squealed the car's tires when leaving the church parking lot; they felt that he was driving at an excessive speed, and testified that at one time he put the car into a "power slide" around a curve. Lee was laughing as he drove in this manner. No one in the car complained to Lee about his driving or requested him to be more careful, although one of the female passengers which Lee had taken in the car asked him to slow down.

After they had traveled down a blacktop highway, Lee doubled back and turned left onto County Road 900 North. Proceeding along that road, Lee had to negotiate two, 90 degree turns, one to the left, and another immediately beyond it, to the right. Just before making the second turn, the parties noticed a car which was parked on the shoulder of the roadway opposite the turn, and Lee honked the horn at the car.

Once Lee negotiated the second turn, there was a short straight road to a bridge. The entrance to and the exit from the bridge was bumpy. After crossing the bridge, Lee continued on for about one-quarter of a mile and then turned around in a driveway. He proceeded back toward the

bridge which they had just crossed. Lee continued to accelerate until he was within 50 feet of the bridge. He was driving at approximately 50 miles per hour. Lee did not apply the brakes as the car approached the bridge. As the car entered the bridge, it hit "the seam" between the road and the bridge, which caused the car to become airborne. The car continued forward past the first 90 degree turn until it collided with the car which was parked just beyond the curve. As a result of this collision, Johnson received the injuries for which compensation is now sought.

Johnson filed his complaint on January 9, 1984, in which he alleged that Lee had "operated his automobile in a wilful and wanton manner with a complete disregard for the safety of the passengers therein ...." Lee denied these allegations, and after discovery took place, he filed his motion for summary judgment. The trial court found that there was an absence of evidence that Lee was motivated by a reckless indifference for the safety of his guests or that Lee knew that his conduct was subjecting his guests to a probability of injury, and therefore, granted summary judgment in Lee's favor. Johnson appeals from that judgment.

Summary judgment is properly granted only when there is no genuine issue of material fact and the moving party establishes that he is entitled to judgment as a matter of law. On a defendant's motion for summary judgment, every inference must be resolved in favor of the non-moving party. Thus, even if the basic facts are not disputed, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to the inferences to be drawn from those facts. *Liebner v. Dobson* (1985), Ind.App., 474 N.E.2d 1039.

In his appeal from the trial court's judgment, Johnson argues that there is a genuine issue of material fact whether Lee acted in a wilful and wanton manner. Wilful or wanton misconduct requires that the host-driver be: (1) conscious of his misconduct; (2) motivated by a reckless indifference for the safety of his guests; and (3)

know his conduct subjects his guests to a probability of injury. *Roberts v. Chaney* (1984), Ind.App., 465 N.E.2d 1154. Thus, the precise issue presented is whether the fact that an individual travels across a bumpy bridge at 50 miles per hour, knowing that a series of 90 degree turns lie just beyond the bridge, is evidence of a wilful and wanton misconduct on the part of the driver.

There was no dispute that Lee was conscious of his conduct. He had just traveled the road upon which the accident occurred and was aware of the bumps, curves and the parked car. He had been asked to slow down by one of the passengers. Thus, there is evidence on the first *Roberts* requirement. The next inquiry is whether his actions allow an inference that he had a reckless indifference for the safety of his guests and that he knew his conduct subjected his guests to a probability of injury. This Court cannot state as a matter of law, that such an inference may not be drawn. The facts include evidence from which wilful and wanton misconduct may be inferred. Therefore, summary judgment was improper.

Reversed and remanded.

STATON, P.J., and GARRARD, J., concur.